UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAHUL D. MANCHANDA,<br><br>     Plaintiff,<br><br> -v-<br><br>INTERNAL REVENUE SERVICE, T.<br>FAHMAN, SUSAN MCNAMARA, ERICA<br>FARRELL, JANE DOES 1-10, Current and<br>Former Employees of IRS,<br><br>       Defendants. | 20 Civ. 10745 (ALC) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR
A PRELIMINARY INJUNCTION**

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2695
E-mail: jeffrey.oestericher@usdoj.gov

JEFFREY OESTERICHER
Assistant United States Attorney
– Of Counsel –

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................1

STATUTORY AND REGULATORY FRAMEWORK ....................................................2

I.      26 U.S.C. §§ 7213, 7431, 7432, 7433 ...................................................2

II.     Federal Tort Claims Act....................................................................4

ARGUMENT ....................................................................................5

I.      Legal Standards for the Issuance of Injunctive Relief ...........................................5

II.     The Court Should Deny Plaintiff's Motion for a Preliminary Injunction...............6

        a.  Injunctive Relief Is Unavailable Under the Causes of Action That
            Plaintiff Advances.............................................................................6

            1.  No Applicable Waiver of Sovereign Immunity Authorizes
                Injunctive Relief..........................................................................6

            2.  The Anti-Injunction Act Affirmatively Bars the Relief Sought
                in Connection with Defendants' Collection Efforts....................................8

        b.  Plaintiff Has Failed Adequately to Allege That He Exhausted His
            Administrative Remedies With Respect to His Claims Under Sections
            7432 and 7433 of the Internal Revenue Code, or the FTCA ...........................11

        c.  Plaintiff Is Unlikely to Succeed on the Merits of His Claims.........................12

        d.  Plaintiff Has Not Established Irreparable Harm .............................................17

        e.  The Balance of the Equities and the Public Interest Do Not Favor
            the Grant of Preliminary Relief.......................................................18

CONCLUSION....................................................................................20

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Aetna Casualty & Surety Co. v. United States*,
    71 F.3d 475 (2d Cir. 1995) ........................................................................... 16

*AFA Dispensing Group B.V. v. Anheuser-Busch, Inc.*,
    740 F. Supp. 2d 465 (S.D.N.Y. 2010) .......................................................... 5

*Alvarez v. City of New York*,
    2 F. Supp. 2d 509 (S.D.N.Y. 1998) .............................................................. 18

*Buczek v. O'Carroll*,
    2015 WL 5054184 (W.D.N.Y. Aug. 25, 2015) ............................................. 1

*Celestine v. Mount Vernon Neighborhood Health Center*,
    403 F.3d 76 (2d Cir. 2005) ....................................................................... 11, 12

*Cell Associates, Inc. v. Nat'l Institutes of Health*,
    579 F.2d 1155 (9th Cir. 1978) ...................................................................... 8

*Deshawn E. by Charlotte E. v. Safir*,
    156 F.3d 340 (2d Cir. 1998) .......................................................................... 6

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ........................................................................................ 17

*Davidson v. Comm'r*,
    589 F. Supp. 158 (S.D.N.Y. 1984) ............................................................... 9

*Estelle v. Gamble*,
    429 U.S. 97 (1976) ........................................................................................ 1

*Faiveley Transport Malmo AB v. Wabtec Corp.*,
    559 F.3d 110 (2d Cir. 2009) ........................................................................ 17

*FDIC v. Meyer*,
    510 U.S. 471 (1994) ...................................................................................... 16

*Foodservice and Lodging Inst. v. Regan*,
    809 F.2d 842 (D.C. Cir. 1987) ..................................................................... 10

*Freedom Holdings, Inc. v. Spitzer*,
    408 F.3d 112 (2d Cir. 2005) ........................................................................ 17

*Gallo v. U.S. Dep't of Treasury*,
  950 F. Supp. 1246 (S.D.N.Y. 1997)....................................................... 10

*Garcia v. Arevalo*,
  1994 WL 383238 (S.D.N.Y. June 27, 1994) ................................... 17, 18

*Hancock v. Essential Resources, Inc.*,
  792 F. Supp. 924 (S.D.N.Y. 1992) ...................................................... 12

*Hassen v. Government of Virgin Islands*,
  861 F.3d 108 (3d Cir. 2017)................................................................ 12

*Hecht v. United States*,
  609 F. Supp. 264 (S.D.N.Y. 1985) ........................................................ 9

*Henkell v. United States*,
  1998 WL 41565 (E.D. Cal. Jan. 9, 1998) ........................................ 14-15

*Higazy v. Templeton*,
  505 F.3d 161 (2d Cir. 2007)................................................................... 7

*Higgins v. United States*,
  2003 WL 21693717 (E.D.N.Y. May 27, 2003) .................................... 16

*Howell v. New York Post Co.*,
  81 N.Y.2d 115 (1993) ......................................................................... 16

*Ivy Mar Co. v. C.R. Seasons Ltd.*,
  907 F. Supp. 547 (E.D.N.Y. 1995) ...................................................... 12

*Jensen v. I.R.S.*,
  165 F.3d 916 (9th Cir. 1998) ............................................................... 10

*Junior v. City of New York*,
  2013 WL 646464 (S.D.N.Y. Jan. 18, 2013) ........................................... 7

*Lane v. Pena*,
  518 U.S. 187 (1996)........................................................................... 4, 6

*Lassic v. United States*,
  2015 WL 5472946 (S.D.N.Y. Sept. 16, 2015)........................................ 5

*Linn v. Chivatero*,
  714 F.2d 1278 (5th Cir. 1983) ............................................................... 9

*Lowrie v. United States*,
  824 F.2d 827 (10th Cir. 1987) ............................................................... 9

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)...................................................................... 4, 5

*Mathirampuzha v. Potter*,
    548 F.3d 70 (2d Cir. 2008)........................................................................ 4-5

*Mazurek v. Armstrong*,
    520 U.S. 968 (1997)..................................................................................... 5

*McIntosh v. United States*,
    2018 WL 1275119 (S.D.N.Y. Mar. 7, 2018) ........................................... 12

*Munaf v. Geren*,
    553 U.S. 674 (2008)..................................................................................... 5

*New York v. DHS*,
    969 F.3d 42 (2d Cir. 2020)........................................................................ 19

*Ojo v. United States*,
    2020 WL 828076 (E.D.N.Y. Feb. 20, 2020)....................................... 16-17

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)..................................................................................... 6

*Perry v. Valley Cottage Animal Hosp.*,
    261 A.D. 522, 690 N.Y.S.2d 617 (2d Dep't 1999)................................... 17

*Pflum v. United States*,
    2002 WL 1334857 (D. Kan. May 15, 2002)............................................... 7

*Randell v. United States*,
    64 F.3d 101 (2d Cir. 1995)......................................................................... 9

*Rivera v. United States*,
    928 F.2d 592, 609 (2d Cir. 1991) .............................................................. 1

*Sampson v. Murray*,
    415 U.S. 61 (1974)..................................................................................... 18

*S.E.C. v. Credit Bancorp, Ltd.*,
    297 F.3d 127 (2d Cir. 2002)....................................................................... 9

*Shain v. Ellison*,
    356 F.3d 211 (2d Cir. 2004)........................................................................ 6

*Sherwood v. United States*,
    173 F.3d 861 (9th Cir. 1999) ...................................................................... 9

*Soos v. Manella*,
    78 F.3d 594 (9th Cir. 1996) .......................................................................... 12

*South Carolina v. Regan*,
    465 U.S. 367 (1984) .................................................................................. 9, 10

*Sterling Consulting Corp. v. United States*,
    245 F.2d 1161 (10th Cir. 2001) ..................................................................... 9

*Stewart v. United States*,
    578 F. Supp. 2d 30 (D.D.C. 2008) .............................................................. 10

*Sussman v. Crawford*,
    488 F.3d 136 (2d Cir. 2007)......................................................................... 12

*Time Warner Cable of N.Y.C. v. Bloomberg L.P.*,
    118 F.3d 917 (2d Cir. 1997)........................................................................... 6

*Tracy v. Freshwater*,
    623 F.3d 90 (2d Cir. 2010)............................................................................. 1

*Trahan v. Regan*,
    554 F. Supp. 57 (D.D.C. 1982) ................................................................. 7, 8

*Trump v. Deutsche Bank AG*,
    943 F.3d 627 (2d Cir. 2019)........................................................................... 6

*Trump v. Mazars USA, LLP*,
    140 S. Ct. 2019 (2020)................................................................................... 6

*United States v. Dema*,
    544 F.2d 1373 (7th Cir. 1976) ....................................................................... 9

*United States v. Innis*,
    2005 WL 2155558 (E.D. Cal. Sept. 6, 2005)............................................... 19

*United States v. Mitchell*,
    445 U.S. 535 (1980)....................................................................................... 4

*United States v. Orleans*,
    425 U.S. 807 (1976)....................................................................................... 4

*United States v. Puckett*,
    573 F. Supp. 713 (E.D. Tenn. Sept. 4, 1981).............................................. 19

*United States v. Speelman*,
    2008 WL 281583 (S.D. Ohio Jan. 31, 2008) .......................................... 8, 10

*Venen v. United States*,
    38 F.3d 100 (3d Cir. 1994)........................................................................... 14

*Weinberger v. Romero-Barcelo*,
    456 U.S. 305 (1982)............................................................................... 18-19

*Winter v. NRDC, Inc.*,
    555 U.S. 7 (2008)..................................................................................... 5


<u>Statutes</u>

26 U.S.C. § 6325............................................................................................ 15

26 U.S.C. § 7217.............................................................................................. 8

26 U.S.C. § 7421.............................................................................................. 8

26 U.S.C. § 7431....................................................................................... passim

26 U.S.C. § 7432....................................................................................... passim

26 U.S.C. § 7433....................................................................................... passim

26 U.S.C. § 6103........................................................................................ 3, 14

26 U.S.C. § 7213....................................................................................... passim

28 U.S.C. § 1346......................................................................................... 1, 4

28 U.S.C. § 2675.................................................................................... 5, 11, 12

28 U.S.C. § 2680(c).................................................................................... 5, 16

Pub. L. 97-248................................................................................................ 8

<u>Regulations</u>

26 C.F.R. § 301.7432.................................................................................... 11

26 C.F.R. § 301.7433.................................................................................... 11

<u>Other Authorities</u>

Internal Revenue Manual § 5.12.3.13.1 ...................................................... 11

Internal Revenue Manual § 25.3.3.9.1 ........................................................ 11

Defendant the Internal Revenue Service ("IRS" or "Agency") and defendants T. Fahman, Susan McNamara, and Erica Farrell in their official capacities (collectively, "Defendants"),[1] by their attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in opposition to Plaintiff's motion for a preliminary injunction.

## PRELIMINARY STATEMENT

Plaintiff Rahul Manchanda ("Plaintiff")[2] brings this action seeking injunctive relief and monetary damages for alleged violations of the Internal Revenue Code ("IRC" or "Code") and the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). Plaintiff's primary complaint appears to concern the IRS' refusal to accept his offers in compromise of his federal tax liability, but he also advances vague, conclusory allegations that Defendants have: refused to release tax liens, impermissibly disclosed certain unspecified information to unnamed third parties, inflicted

---

[1] This memorandum of law is filed on behalf of the IRS and the identified individual defendants in their official capacities. This Office is in the process of seeking authority to represent the individually-named defendants in their individual capacities, to the extent that Plaintiff is attempting to assert claims against these defendants in their individual capacities. It is worth noting though that none of the statutes that Plaintiff cites gives rise to a cause of action against these officials in their individual capacity. *See, e.g.*, *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) (the United States is "[t]he only proper federal institutional defendant in [an FTCA] action"); *Buczek v. O'Carroll*, No. 15-cv-273S, 2015 WL 5054184, at *3 (W.D.N.Y. Aug. 25, 2015) (plain language of section 7433 "provides for suits against only the United States, not against the IRS or individual IRS agents"); 26 U.S.C. § 7432 (providing for suits "against the United States in a district court of the United States"); *id.* § 7431 (same).

[2] Plaintiff brings this case *pro se*. Although courts ordinarily are obligated to afford a special solicitude to *pro se* litigants, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), where, as here, an attorney files a case representing himself, the pro se attorney "ordinarily receives no such solicitude at all," *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). Moreover, plaintiff has filed numerous lawsuits representing himself in this district. *See Manchanda v. Weir-Reeves*, 13-cv-5937 (S.D.N.Y.) (PAE); *Manchanda v. Bose*, 15-cv-2313 (S.D.N.Y.) (VSB); *Manchanda v. Richardson*, 15-cv-4657 (S.D.N.Y.) (GBD); *Manchanda v. Rosenberry*, 16-cv-2218 (S.D.N.Y.) (ALC); *Manchanda v. Matties*, 18-cv-11092 (S.D.N.Y.) (PGG); *Manchanda v. Marin*, 19-cv-7222 (NRB); *Manchanda v. Lewis*, 20-cv-1773 (S.D.N.Y.) (RWL).

emotional distress, and engaged in unauthorized collection activities.  He purports to brings

claims under 26 U.S.C. §§ 7213, 7431, 7432, and 7433, as well as under the FTCA.  Pending

before the Court is Plaintiff's motion for a preliminary injunction.

Plaintiff's motion lacks merit for a host of reasons, including because (1) injunctive relief

is not available under any of the statutory provisions that give rise to Plaintiff's claims; (2)

Plaintiff has failed adequately to allege that he exhausted his administrative remedies, as required

under the FTCA and sections 7432 and 7433; (3) Plaintiff has not established a likelihood of

success on his claims; (4) Plaintiff has not alleged irreparable harm; and (5) Plaintiff cannot

establish that an injunction would serve the public interest.  Accordingly, the Court should deny

Plaintiff's motion for a preliminary injunction.

## STATUTORY AND REGULATORY FRAMEWORK

**I.      26 U.S.C. §§ 7213, 7431, 7432, 7433**

Plaintiff purports to assert claims under 26 U.S.C. §§ 7213,[3] 7431, 7432, and 7433.

Section 7213 provides in pertinent part as follows:

> It shall be unlawful for any officer or employee of the United States
> . . . willfully to disclose to any person, except as authorized in this
> title, any return or return information . . . .  Any violation of this
> paragraph shall be a felony punishable upon conviction by a fine in
> any amount not exceeding $5,000, or imprisonment of not more than
> 5 years, or both, together with the costs of prosecution . . . .

*Id.* § 7213(a)(1).

Section 7431(a) provides, in relevant part:

> If any officer or employee of the United States knowingly, or by

---

[3] In Plaintiff's Affidavit in Support of his request for injunctive relief, he cites section 7231 in
connection with Defendants' alleged unauthorized disclosure of tax information.  ECF No. 4-1,
at ¶ 1.  However, that citation appears to be a typographical error.  In the Complaint, Plaintiff
cites section 7213, not 7231.  *See* ECF No. 1, at ¶ 1.  Unlike section 7231, section 7213 concerns
unauthorized disclosure of information, which is one of Plaintiff's factual claims in this matter.

> reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

*Id.* § 7431(a). This provision operates as a limited waiver of sovereign immunity and permits a taxpayer to bring a civil suit for damages for violation of the disclosure provisions set forth in section 6103. To state a viable claim under section 7431, the plaintiff must allege that: (1) return information was disclosed; (2) the disclosure was made either knowingly or negligently; and (3) the disclosure was not authorized by section 6103 of the Internal Revenue Code. *See* 26 U.S.C. §§ 6103(a), 7431(a)(1).

Section 7432 provides, in relevant part:

> If any officer or employee of the United States knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

*Id.* § 7432(a). This provision includes several limitations, including that (1) a judgment for damages may not be awarded unless the plaintiff exhausts the administrative remedies available to him, and (2) any action to enforce liability may only be brought within two years after the date the right of action accrues. *See id.* § 7432(d).

Section 7433 provides, in relevant part:

> (a) If, in connection with any collection of Federal tax with respect to a taxpayer, any employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.
> . . .
> (e) If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue

3

> Service willfully violates any provision of section 362 (relating to
> automatic stay) . . . , such taxpayer may petition the bankruptcy
> court to recover damages against the United States.

A court may only issue a judgment for damages if it determines that the plaintiff has exhausted

the administrative remedies available to him. *Id.* § 7433(d)(1). Furthermore, a plaintiff may

only bring an action under this section within 2 years after the date the right of action accrues.

*Id.* § 7433(d)(3).

## II. Federal Tort Claims Act

It is well-settled that "'[t]he United States, as sovereign, is immune from suit save as it

consents to be sued, . . . and the terms of its consent to be sued in any court define that court's

jurisdiction to entertain the suit.'" *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)

(quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Moreover, "[t]he doctrine of

sovereign immunity is jurisdictional in nature, . . . and therefore to prevail, the plaintiff bears the

burden of establishing that her claims fall within an applicable waiver." *Id.* (internal citations

omitted). Any waiver of immunity must be "unequivocally expressed in statutory text," and

must be "strictly construed." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations

omitted).

The FTCA provides a limited waiver of sovereign immunity for certain suits against the

United States arising from injury "caused by the negligent or wrongful act or omission of any

employee of the Government while acting within the scope of his office or employment." 28

U.S.C. § 1346(b)(1). Specifically, it makes "the [f]ederal [g]overnment liable to the same extent

as a private party for certain torts of federal employees acting within the scope of their

employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *see also Mathirampuzha v.*

*Potter*, 548 F.3d 70, 80 (2d Cir. 2008). "Under the FTCA, courts are bound to apply the law of

the state . . . where the accident occurred." *Makarova*, 201 F.3d at 114; *see also Lassic v. United*

*States*, No. 14 Civ. 9959 (KBF), 2015 WL 5472946, at \*4 (S.D.N.Y. Sept. 16, 2015) (A federal court "does not have jurisdiction over an FTCA action based on a legal claim that is unavailable in the state where the act occurred.") (citations omitted). The FTCA's limited waiver of sovereign immunity does not, however, apply to "[a]ny claim arising in respect to the assessment or collection of any tax or customs duty . . ." 28 U.S.C. § 2680(c). Moreover, the FTCA requires administrative exhaustion as a jurisdictional prerequisite to bringing suit. *See* 28 U.S.C. § 2675.

## ARGUMENT

### I. Legal Standards for the Issuance of Injunctive Relief

A preliminary injunction is an "extraordinary and drastic remedy," which "is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (quotation marks omitted). An injunction "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original; quotation marks omitted). "It is well established that the standard for entry of a temporary restraining order is the same as for a preliminary injunction." *AFA Dispensing Group B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).[4] "Whenever a request for a preliminary injunction

---

[4] In other contexts, the Second Circuit has held that "district courts may grant a preliminary injunction where a plaintiff demonstrates irreparable harm and meets either of two standards: (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in the movant's favor." *Trump v. Deutsche Bank AG*, 943 F.3d 627, 635 (2d Cir. 2019) (quotation

implicates public interests, a court should give some consideration to the balance of such interests in deciding whether a plaintiff's threatened irreparable injury and probability of success on the merits warrants injunctive relief." *Time Warner Cable of N.Y.C. v. Bloomberg L.P.*, 118 F.3d 917, 929 (2d Cir. 1997).

To satisfy the injury requirement of Article III standing when seeking injunctive relief, a plaintiff cannot rely on a past injury alone because "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). Rather, the plaintiff "must show a likelihood that he . . . will be injured in the future." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (internal quotation marks omitted); *see also Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future.").

## II. The Court Should Deny Plaintiff's Motion for a Preliminary Injunction

### a. Injunctive Relief Is Unavailable Under the Causes of Action That Plaintiff Advances

#### 1. No Applicable Waiver of Sovereign Immunity Authorizes Injunctive Relief

Sovereign immunity bars suits against the government unless the government has waived its immunity, and any such waiver must be interpreted narrowly. *See supra* at 4 (citing *Pena*, 518 U.S. at 192). Because the FTCA's limited waiver of sovereign immunity, where applicable, permits only suits for damages, courts have held that other relief is not available under the

---

marks omitted), *rev'd and remanded on other grounds sub nom. Trump v. Mazars USA, LLP*, 140 S. Ct. 2019 (2020). However, the Second Circuit has "repeatedly stated that the serious-questions standard cannot be used to preliminarily enjoin governmental action." *Id.* at 637.

FTCA. *See Junior v. City of New York*, No. 12 Civ. 3846 (PAC), 2013 WL 646464, at *3 n.5 (S.D.N.Y. Jan. 18, 2013). Courts have held similarly with respect to other remedial schemes. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) (no remedy other than monetary damages under *Bivens*).

Here, Plaintiff has failed to reference any statutory provision or other source of law allowing a suit for injunctive relief, nor any waiver of the government's sovereign immunity with respect to injunctive relief. Indeed, one of the provisions under which Plaintiff proceeds, 26 U.S.C. § 7213, does not create a private right of action at all; instead, it establishes criminal liability for unauthorized disclosure of tax returns or return information. And the other provisions upon which Plaintiff relies do not provide for injunctive relief, as numerous courts have explained. For example, the courts that have addressed this issue with respect to section 7431 have concluded that injunctive relief is unavailable. *See Pflum v. United States*, No. 99 Civ. 4170, 2002 WL 1334857, at *2 (D. Kan. May 15, 2002) (explaining that section 7431 creates a suit only for damages and does not authorize injunctive relief); *Trahan v. Regan*, 554 F. Supp. 57, 60-61 (D.D.C. 1982) (concluding that the availability of a civil damage remedy, and the lack of an affirmative waiver of immunity with respect to injunctive relief, precluded a court from issuing an injunction), *reversed in part on other grounds by Tierney v. Schweiker*, 718 F.2d 449 (D.C. Cir. 1983).

*Trahan* provides a particularly in-depth and helpful analysis. There, the court reviewed Congress's decision to provide criminal and civil penalties for willful unauthorized disclosures of tax information, which "indicates that Congress objectively assessed the need for confidentiality of returns, created a right to such confidentiality in the taxpayer and then provided what it considered to be adequate remedies for violations of that right." 554 F. Supp. at

60.  The court explained that "[t]here are no indications in the legislative history of 26 U.S.C. § 7217[5] that Congress intended to provide any remedies other than those which it plainly and expressly provided therein."  *Id.*  Furthermore, the court reasoned, "'[w]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies.'"  *Id.* (quoting *Cell Associates, Inc. v. Nat'l Institutes of Health*, 579 F.2d 1155, 1159 (9th Cir. 1978)).  "Moreover, in contrast to its decision not to provide injunctive relief [for unauthorized disclosures of returns and return information], Congress *did* provide for injunctive relief for unauthorized disclosures of 'written determinations' [in IRC § 6110(f)(3)]."  *Trahan*, 554 F. Supp. at 60.

The same is true for sections 7432 and 7433.  Those sections provide a remedy expressly limited to damages.  They do not provide for any injunctive relief.  *See, e.g.*, *United States v. Speelman*, No. 3:06cv322, 2008 WL 281583, at *2 (S.D. Ohio Jan. 31, 2008) (dismissing counterclaims under sections 7432 and 7433 because those sections do not provide for injunctive relief).

## 2.    The Anti-Injunction Act Affirmatively Bars the Relief Sought in Connection with Defendants' Collection Efforts

In addition to being outside the scope of any waiver of sovereign immunity, Plaintiff's request for an injunction related to Defendants' tax assessment or collection efforts is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).  That section provides in relevant part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was

---

[5] Under the Tax Equity and Fiscal Responsibility Act of 1982, Congress repealed section 7217, redesignating it as section 7431, which is the provision relevant to Plaintiff's claim.  Pub. L. 97-248, Sept. 3, 1982, 96 Stat. 324.

assessed." *Id.*; *see also Randell v. United States*, 64 F.3d 101, 106 (2d Cir. 1995) ("In the context of tax assessments and collections the government's sovereign immunity has been codified by the Anti-Injunction Act."). "The Act specifically divests the district court of jurisdiction in order to prevent pre-assessment judicial interference." *Sterling Consulting Corp. v. United States*, 245 F.2d 1161, 1167 (10th Cir. 2001) (citations omitted). And it "applies not only to the actual assessment or collection of a tax, but is equally applicable to activities leading up to, and culminating in, such assessment and collection." *Lowrie v. United States*, 824 F.2d 827, 830 (10th Cir. 1987); *see also Linn v. Chivatero*, 714 F.2d 1278, 1286-87 (5th Cir. 1983); *United States v. Dema*, 544 F.2d 1373, 1376 (7th Cir. 1976); *Hecht v. United States*, 609 F. Supp. 264, 267 (S.D.N.Y. 1985); *Davidson v. Comm'r*, 589 F. Supp. 158, 161 (S.D.N.Y. 1984). Thus, for example, in *Sherwood v. United States*, the Ninth Circuit concluded that the district court had properly concluded that it lacked subject matter jurisdiction over a suit seeking to prevent the collection of taxes because plaintiffs' request for injunctive relief against the IRS was barred by the Anti-Injunction Act. 173 F.3d 861, 861 (9th Cir. 1999); *cf. S.E.C. v. Credit Bancorp, Ltd.*, 297 F.3d 127 (2d Cir. 2002). The Supreme Court has explained that the Act "prohibited injunctions in the context of a statutory scheme that provided an alternative remedy." *South Carolina v. Regan*, 465 U.S. 367, 374 (1984).

Accordingly, the Anti-Injunction Act precludes the entry of injunctive relief to restrain the IRS' efforts to collect Plaintiff's outstanding tax liabilities—barring Plaintiff's claims under sections 7432 and 7433. Indeed, in connection with his section 7433 cause of action, Plaintiff expressly states that his claim relates to "unauthorized collection" efforts and the conduct of IRS employees "when taking a collection action." ECF No. 1 ("Complaint" or "Compl.") ¶ 15. Plaintiff's section 7432 cause of action similarly concerns Defendants' collection efforts insofar

as he alleges that Defendants have "fail[ed] to release a tax lien," and has continued to attempt to enforce the lien. *Id.* ¶ 19. Those courts that have addressed the issue have concluded that sections 7432 and 7433 do not constitute exceptions to the Anti-Injunction Act. *See, e.g.*, *Jensen v. I.R.S.*, 165 F.3d 916, 916 (9th Cir. 1998); *Stewart v. United States*, 578 F. Supp. 2d 30, 36 (D.D.C. 2008); *Speelman*, 2008 WL 281583, at \*2.

There are two narrow judicially-created exceptions to the bar against suits seeking to enjoin the government from assessing or collecting federal taxes: (1) where the aggrieved party has no alternative remedy; and (2) where the taxpayer is certain to succeed on the merits and the collection would cause irreparable harm. *See Regan*, 465 U.S. at 374-76; *see also Foodservice and Lodging Inst. v. Regan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987) (recognizing that "the narrow exception to the Anti-Injunction Act created in *South Carolina v. Regan* . . . permits an action for injunctive relief against the IRS if the aggrieved party has no alternative remedy," but holding that a suit for refund is an alternative remedy). Neither of these exceptions applies here. First, Plaintiff has alternative remedies available to him, including an action for a refund of any taxes wrongfully collected and an action for damages based on any negligent, reckless, or intentional disregard of the law in connection with collection activities. Second, Plaintiff has made no showing that he is certain to succeed on the merits or that he will suffer irreparable harm absent an injunction. *Cf. Gallo v. U.S. Dep't of Treasury*, 950 F. Supp. 1246, 1249 (S.D.N.Y. 1997) ("Economic injury alone, even to the point of financial 'ruination of the taxpayer's enterprise' will not allow a party to escape application of the Anti-Injunction Act.").

### b. Plaintiff Has Failed Adequately to Allege That He Exhausted His Administrative Remedies With Respect to His Claims Under Sections 7432 or 7433 of the Internal Revenue Code, or the FTCA

All but one of the statutory provisions giving rise to Plaintiff's claims—sections 7432 and 7433 of the IRC, and the FTCA—require exhaustion of administrative remedies before filing

suit in federal court. Indeed, both sections 7432 and 7433 specify that a "judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. §§ 7432(d)(1), 7433(d)(1). The implementing regulations—26 C.F.R. § 301.7432-1(e) and (f), and 26 C.F.R. § 301.7433-1(e)—require that the administrative claim be directed to the district or area director[6] in the district in which the taxpayer resides or the district in which the notice of federal tax lien was filed. *See* 26 C.F.R. §§ 301.7432-1(f), 301.7433(e). The FTCA similarly requires that plaintiffs exhaust their administrative remedies, which requirement "is jurisdictional and cannot be waived." *See Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 82 (2d Cir. 2005); *see also* 28 U.S.C. § 2675.

Plaintiff has neither alleged in the Complaint nor affirmed in his accompanying affidavit that he has pursued any administrative remedies at all with respect to his claims under sections 7432 and 7433.[7] Nor has he adequately alleged that he has exhausted his administrative remedies under the FTCA.[8] Plaintiff's claims under those statutes therefore fail. *See Celestine*,

---

[6] The Internal Revenue Manual provides that an administrative claim under section 7432 or 7433 should be sent to the Advisory Group Manager of the area where the taxpayer currently resides. *See* Internal Revenue Manual § 5.12.3.13.1 ("Lien Release and Related Topics"), *available at* https://www.irs.gov/irm/part5 (last visited January 5, 2021); Internal Revenue Manual § 25.3.3.9.1 ("Suits Against the United States and Claims for Damages Under IRC § 7433"), *available at* https://www.irs.gov/irm/part25 (last visited January 5, 2021).

[7] IRS records indicate that he has not, in fact, filed any administrative claims relating to his claims under sections 7432 and 7433. *See* Declaration of Alex Lau ¶ 4.

[8] IRS records indicate that Plaintiff has filed two administrative claims in connection with his FTCA claim. The first, dated January 19, 2019, was denied on May 31, 2019, *see* Declaration of Mary-Ellan Krcha ("Krcha Decl.") ¶ 6, so any claim arising therefrom would be time barred, *see* 28 U.S.C. § 2401(b) (requiring suit to be filed within six months of mailing of denial of claim). The second, dated June 10, 2020, was originally filed with the wrong agency and only received by the IRS claims manager on October 7, 2020. *See* Krcha Decl. ¶ 7. The IRS has yet to make a final agency determination as to the second SF-95, *id.*, so plaintiff's suit is premature, 28 U.S.C. §§ 2401(b), 2675(a).

403 F.3d at 82 (FTCA's exhaustion requirement is jurisdictional and cannot be waived); *McIntosh v. United States*, No. 15 Civ. 2442 (KMK), 2018 WL 1275119, at *6 (S.D.N.Y. Mar. 7, 2018) ("The plaintiff bears the burden of pleading compliance with the FTCA's exhaustion requirement." (internal quotation marks omitted)); *Soos v. Manella*, 78 F.3d 594, 594 (9th Cir. 1996) (concluding that the district court lacked jurisdiction over claim under section 7432 because plaintiff had failed to exhaust his administrative remedies); *Hassen v. Government of Virgin Islands*, 861 F.3d 108, 111 (3d Cir. 2017) (exhaustion requirement under section 7433(d) "is mandatory").

### c. Plaintiff Is Unlikely to Succeed on the Merits of His Claims

Even if injunctive relief were available and Plaintiff had exhausted his administrative remedies, the Court should still deny his motion for a preliminary injunction because Plaintiff has not established a "clear or substantial likelihood of success" on any of his claims. *Sussman v. Crawford*, 488 F.3d 136, 140 (2d Cir. 2007) (quotation marks omitted). The law is clear that "bare allegations, without more, are insufficient for the issuance of a preliminary injunction." *Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995); *see also Hancock v. Essential Resources, Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

The jurisdictional deficiencies of Plaintiff's Complaint alone show a lack of probable success on the merits. Moreover, neither the Complaint nor Plaintiff's affidavit in support of his request for injunctive relief advances any well-pleaded factual allegations. Instead, the Complaint contains conclusory allegations of alleged wrongdoing, and the affidavit is nearly a verbatim recitation of those same allegations. For example, Plaintiff alleges that Defendants have disclosed certain of his tax information to certain individuals at some point over the past 15 years, but he does not provide any specific information as to what was disclosed, when those

12

disclosures occurred, or to whom.  Compl. ¶¶ 1-2, 21; ECF No. 4-1 ("Affidavit" or "Aff.") ¶¶ 2, 9, 18.  He further alleges that Defendants rejected his "Offers in Compromise" regarding his "aggregated tax liability since approximately 2008," yet he fails to explain how that allegation, even if assumed to be true, gives rise to a claim for relief.  *See* Compl. ¶ 8; Aff. ¶ 9.  He also alleges that Defendants engaged in "unauthorized collection[s]," but does not identify any specific collection activity, and says nothing about why those collections were unauthorized, when Defendants engaged in this supposed misconduct, or any other information related to this claim of wrongdoing.  *See* Compl. ¶ 15; Aff. ¶ 15.  He asserts that Defendants negligently and intentionally inflicted emotional and physical distress for more than 10 years, but does not specifically explain how.  *See* Compl. ¶ 17; Aff. ¶ 16.  He claims that Defendants "fail[ed] to release a tax lien or levy unreasonably," but does not provide any details regarding the tax lien or why the IRS was required to, or otherwise should have, released the lien.  *See* Compl. ¶ 19; *see also* Aff. ¶ 17.  And he maintains that Defendants "flouted the statutory Bankruptcy Stay Protections," but does not state when, how, or why this gives rise to a claim for relief in this action.[9]  *See* Compl. ¶ 23; Aff. ¶ 19.  These allegations are entirely conclusory and fail to give rise to a valid claim for relief, much less to satisfy Plaintiff's burden on a motion for a preliminary injunction.

Moreover, Plaintiff fails to allege facts sufficient to make out the elements of his claims. To state a viable claim for impermissible disclosures under section 7431 of the Code,[10] for

---

[9] Moreover, 26 U.S.C. § 7433 expressly provides that a plaintiff "may petition the *bankruptcy court* to recover damages" for alleged violations the automatic stay in bankruptcy.  *Id.* § 7433(e) (emphasis added).  It does not give rise to a claim before a district court.

[10] Plaintiff also cites section 7213 as a basis to state a claim for unauthorized disclosure of return information.  He cannot do so.  As stated above, *supra* 7, section 7213 establishes criminal penalties for unauthorized disclosures and does not create a private right of action.

example, a plaintiff must allege that: (1) return information was disclosed; (2) the disclosure was made either knowingly or negligently; and (3) the disclosure was not authorized by section 6103 of the Internal Revenue Code.  *See* 26 U.S.C. §§ 6103(a), 7431(a)(1).  Here, Plaintiff has advanced nothing more than conclusory allegations that disclosures occurred.  He alleges that Defendants have engaged in "unauthorized disclosure to countless individuals over nearly 15 years such as Plaintiff's political enemies, business competitors, exes, private investigators, fired/terminated/never retained/ suspended CPAs and Accountants."  Compl. ¶ 8.  Yet he fails to allege that return information was disclosed, that Defendants made the alleged disclosures knowingly or negligently, or that any disclosure was not authorized by section 6103.  Even assuming a disclosure occurred, Plaintiff has provided no basis for determining whether any such disclosure pertained to "return information," or whether it was "wrongful" within the meaning of section 6103.  Relatedly, Plaintiff has not adequately alleged that any disclosure was not incidental to collection efforts undertaken by the IRS, which would not give rise to a section 7431 claim.  *See Venen v. United States*, 38 F.3d 100, 106 (3d Cir. 1994); *Henkell v. United States*, No. S-96-2228 (MLS) (GGH), 1998 WL 41565, at *3 (E.D. Cal. Jan. 9, 1998).

Similarly, Plaintiff has failed to allege facts that fulfill the elements of a section 7432 claim.  That section provides a right of action if an IRS employee "knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer."  26 U.S.C. § 7432(a).  Section 6325, in turn, requires the IRS to issue a certificate of release of any lien imposed with respect to any internal revenue tax within 30 days after the day on which the liability for the amount assessed has been satisfied or became unenforceable, or after a bond that is conditioned upon the payment of the amount assessed has been furnished to the IRS.  *See* 26 U.S.C. § 6325(a).  Plaintiff's allegations are silent as to whether the tax lien at issue (which

Plaintiff fails to identify) was imposed with respect to a tax liability that was satisfied or unenforceable, or for which a bond was issued that was conditioned on the payment of the amount assessed. Indeed, his allegation that the IRS failed to accept a comprehensive offer in compromise suggests that he continues to have outstanding, unsatisfied tax liabilities. And Plaintiff does not identify the date on which the alleged tax lien should have been released, nor whether he filed his claim within two years after the date the right of action accrued, as required under section 7432(d)(3).

Plaintiff's allegations with respect to his section 7433 claim are similarly inadequate. Although Plaintiff asserts that Defendants engaged in unauthorized collections, he does not advance any factual allegations to substantiate that claim. Nor does he identify when any unauthorized collections occurred, or whether Plaintiff brings this action within two years after the right of action accrued. *See* 26 U.S.C. § 7433(d)(3).

Finally, Plaintiff's FTCA claim fails. To begin, Plaintiff does not address the fact that the FTCA does not waive sovereign immunity with respect to "[a]ny claim arising in respect to the assessment or collection of any tax . . ." 28 U.S.C. § 2680(c). Because all of Plaintiff's FTCA claims relate to the "assessment or collection of any tax," they are barred as a matter of law. *See, e.g.*, *Higgins v. United States*, No. 02 CV 499 (ARR), 2003 WL 21693717, at *1-*2 (E.D.N.Y. May 27, 2003) (taxpayer plaintiff's FTCA action arising out of IRS' rejection of offer in compromise barred by sovereign immunity); *see also Aetna Casualty & Surety Co. v. United States*, 71 F.3d 475, 478 (2d Cir. 1995) (exception to waiver of sovereign immunity in § 2680(c) should be interpreted broadly to bar claims which are related to, if not directly concerned with, the assessment or collection of tax liabilities).

Furthermore, Plaintiff has not identified a source of substantive liability pursuant to the FTCA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). It appears that Plaintiff may seek to advance claims for negligent and intentional infliction of emotional distress. To the extent he does, the Complaint fails to state a valid claim. Under New York law, a claim for intentional infliction of emotional distress requires a showing of (1) "extreme and outrageous conduct"; (2) "intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress"; (3) "a causal connection between the conduct and the injury"; and (4) "severe emotional distress." *See Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id.* at 122 (internal quotation marks omitted). Plaintiff has failed to allege any such conduct, nor has he advanced any well-pleaded allegations regarding Defendants' intent. As for negligent infliction of emotional distress, the elements under New York law are "a breach of duty owed to the plaintiff which exposes him or her to an unreasonable risk of bodily injury or death." *See Ojo v. United States*, No. 16 Civ. 4112 (MKB) (LB), 2020 WL 828076, at *12 (E.D.N.Y. Feb. 20, 2020) (quotation marks omitted). Here, Plaintiff has not alleged that Defendants' conduct unreasonably endangered his physical safety. Therefore, any such claim is unlikely to succeed. *See Perry v. Valley Cottage Animal Hosp.*, 261 A.D. 522, 690 N.Y.S.2d 617, 618 (2d Dep't 1999) ("While physical injury is not a necessary element of a cause of action to recover damages for negligent infliction of emotional distress, such a cause of action must generally be premised upon conduct that unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for his or her own safety.").

### d. Plaintiff Has Not Established Irreparable Harm

"To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of [proceedings] to resolve the harm." *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) (quotation marks omitted). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted). "It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction," and that the alleged injury must be "incapable of being fully remedied by monetary damages." *Garcia v. Arevalo*, No. 93 Civ. 8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994). A finding of irreparable harm cannot be based solely on past conduct. *See id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)).

Here, Plaintiff fails to make the requisite showing of irreparable harm. To begin, Plaintiff's vague, conclusory allegations relate to past harm, not any likelihood of future harm. Plaintiff alleges that Defendants have (1) disclosed certain of his tax information (he does not specify what) to certain individuals (he does not specify to whom) at some point over the past 15 years (he does not specify when), *see* Compl. ¶¶ 1-2, 21; Aff. ¶¶ 2, 9, 18; (2) rejected his "Offers in Compromise" regarding his "aggregated tax liability since approximately 2008," *see* Compl. ¶ 8; Aff. ¶ 9; (3) engaged in "unauthorized collection[s]," Compl. ¶ 15; Aff. ¶ 15; (4) negligently and intentionally inflicted emotional and physical distress for more than 10 years, Compl. ¶ 17; Aff. ¶ 16; (5) "fail[ed] to release a tax lien or levy unreasonably," Compl. ¶ 19; *see also* Aff. ¶ 17; "flouted the statutory Bankruptcy Stay Protections," Compl. ¶ 23; Aff. ¶ 19; and caused "property damage and/or personal injury," Compl. ¶ 25. All of these vague, conclusory

allegations relate to past misconduct.  Plaintiff advances no allegations concerning Defendants future conduct, much less that such conduct would lead to irreparable harm.

Even if Plaintiff had identified a likelihood of future harm, he cannot establish, as he must do, that any alleged injury would be incapable of being fully remedied by monetary damages.  *Arevalo*, 1994 WL 383238, at *2.  Notably, the statutory provisions that Plaintiff invokes exclusively provide for monetary damages.  As argued above, none permit injunctive relief.  That is because each alleged harm—improper disclosure of his tax information, unauthorized tax collection, failure to release a tax lien, infliction of emotional or physical distress—is capable of being remedied through monetary damages.  *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *see also Alvarez v. City of New York*, 2 F. Supp. 2d 509, 514 (S.D.N.Y. 1998) (concluding that monetary damages would suffice to remedy alleged emotional harm).

### e.  The Balance of the Equities and the Public Interest Do Not Favor the Grant of Preliminary Relief

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."  *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).  Where plaintiffs seek an injunction against government action, the balancing of hardships and public interest factors merge.  *New York v. DHS*, 969 F.3d 42, 58-59 (2d Cir. 2020).

Here, these factors weigh against issuing an injunction.  Plaintiff's only well-pleaded factual allegation concerns Defendants' refusal to accept his "Offers in Compromise" in connection with his tax liability.  But he does not, and cannot, identify any mandatory duty on the part of the IRS to accept such an offer.  More generally, Plaintiff's Complaint appears to

challenge Defendants' conduct primarily with regard to their efforts to collect on Plaintiff's outstanding tax liabilities. As many courts have concluded, the public has an interest in the timely, efficient collection of taxes and the fair enforcement of federal tax laws. *See, e.g.*, *United States v. Innis*, No. CV-F-05-302 REC/DLB, 2005 WL 2155558, at *3 (E.D. Cal. Sept. 6, 2005); *United States v. Puckett*, 573 F. Supp. 713, 716-17 (E.D. Tenn. Sept. 4, 1981). Accordingly, this factor too weighs against entry of a preliminary injunction.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's request for a preliminary injunction.

Dated: January 11, 2021
      New York, New York

                Respectfully submitted,

                AUDREY STRAUSS
                Acting United States Attorney for the
                Southern District of New York

By:    /s/ Jeffrey Oestericher
                JEFFREY OESTERICHER
                Assistant United States Attorney
                86 Chambers Street, 3rd Floor
                New York, New York 10007
                Tel.:  (212) 637-2695
                E-mail: jeffrey.oestericher@usdoj.gov