
U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 20, 2021

**VIA ECF**
The Honorable Andrew L. Carter Jr.
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Rahul Manchanda v. Internal Revenue Service*, 20 Civ. 10745 (ALC)

Dear Judge Carter:

      This Office represents Defendants the Internal Revenue Service ("IRS"), T. Fahman, Susan McNamara, and Erica Farrell (collectively, "Defendants") in the above-referenced action in which Plaintiff seeks injunctive relief and monetary damages for alleged violations of the Internal Revenue Code ("IRC") and the Federal Tort Claims Act ("FTCA").[1] We write respectfully in opposition to Plaintiff's letter, dated January 16, 2021, requesting a pre-motion conference and leave to file a motion for sanctions and contempt against Defendants. ECF No. 18.

      Plaintiff should be denied leave to file his contemplated motion because it is devoid of merit and would not advance this litigation. Plaintiff's asserted basis for his sanctions motion is that Defendants allegedly are "acting in open defiance and disrespect of this Honorable Court and their own IRS policies, regulations, and statutes." ECF No. 18 at 2. Plaintiff does not—and cannot—substantiate either claim. To begin, Defendants have not acted "in open defiance and disrespect" of this Court. Plaintiff filed this case less than one month ago. Since then, the Court has issued a single order to which Defendants were required to respond: On December 28, 2020, the Court ordered Defendants, on or before January 11, 2021, to show cause "why they should not be enjoined from unauthorized disclosure of tax return information under IRC 7431 and 7231, unauthorized collection under IRC 7433, failure to release tax levies and tax liens unreasonably under IRC 7432, intentional negligent or reckless infliction of physical and emotional distress, and violating the FTCA . . . ." ECF No. 7 at 1. Defendants have done so: On January 11, Defendants filed papers explaining why Plaintiff's request for injunctive relief fails. ECF No. 12. Accordingly, there is no basis for a finding of contempt or sanctions.

---

[1] In his Complaint, Plaintiff challenges the IRS' refusal to accept his offers in compromise of his federal tax liability, and also advances vague, conclusory allegations that Defendants have refused to release tax liens, impermissibly disclosed certain unspecified information to unnamed third parties, inflicted emotional distress, and engaged in unauthorized collection activities. ECF No. 1. The parties have fully briefed Plaintiff's motion for a preliminary injunction and the Court has scheduled oral argument for Thursday, January 21.

Plaintiff similarly has not shown that Defendants have violated their own policies, regulations, and statutes. As Defendants noted in their opposition to Plaintiff's motion for a preliminary injunction, Plaintiff has failed to advance any well-pleaded factual allegations to support his claims that Defendants have improperly disclosed his tax information, engaged in unauthorized collection activities, or unreasonably refused to release tax liens. ECF No. 12 at 12-16. In his January 16, 2021 letter to the Court, Plaintiff asserts that he has "been peppered with incessant, constant, day and night and weekends phone calls at our law office, home office, cell phones, text messages, emails . . . ." ECF No. 18 at 1. The only evidence that he has submitted to substantiate that claim, which appears in Exhibit B of his reply brief in further support of his motion for a preliminary injunction, *see* ECF No. 16-4,[2] is a notice of lien, dated December 3, 2020, sent by "consumer Support – Federal Income Tax Debt; what appear to be emails from the United States Postal Service regarding delivery of mail from private companies related to a tax lien, dated December 14, 15, 21, and 24; an envelope that appears to be from a tax settlement company, sent December 10; and screen shots of missed calls from two Denver-area phone numbers—(720) 381-3267 and (303) 597-1753. Each of these appears to be from third-party entities that have no relationship to the IRS. Indeed, the only letter ("Notice of Lien") that Plaintiff attached, dated December 3, 2020, expressly states at the bottom of the page that, "[w]e are a private company not the government, do not represent or collect on behalf of any government agency. This notice was generated from a public lien filing regarding income tax, some values are estimated. No results are guaranteed." ECF No. 16-4 at 2. Plaintiff thus presents no evidence that any of the documents attached to his reply brief originated from, or were sent on behalf of, the IRS, let alone that they violated IRS policies, regulations or statutes.

Moreover, based on discussions with the IRS, this Office's understanding is that Plaintiff's account has not been assigned to a third-party collector, and the IRS has not undertaken any collection activities, directly or indirectly, after Plaintiff filed his most recent offer in compromise on August 22, 2019.[3] Regardless, a motion for contempt/sanctions is not the appropriate way to proceed, especially given that the same claims are the subject of Plaintiff's Complaint and motion for a preliminary injunction.

For these reasons, Defendants oppose Plaintiff's request for leave to file a motion for sanctions.

---

[2] These documents also appear in Exhibit B to Plaintiff's prematurely-filed sanctions motion, *see* ECF No. 9-2, which the Court ordered the Clerk of Court to strike from the public record on account of Plaintiff's failure to request a pre-motion conference to seek leave to file the sanctions motion, *see* ECF No. 11.

[3] In December 2020, the IRS did refile a federal tax lien in connection with taxes due and owing from Plaintiff for tax year 2009.

Respectfully,

AUDREY STRAUSS
United States Attorney

By: /s/ Jeffrey Oestericher
JEFFREY OESTERICHER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2695
Jeffrey.Oestericher@usdoj.gov

cc: Plaintiff (via ECF and regular mail)