

U.S. Department of Justice

*United States Attorney
Southern District of New York*

*86 Chambers Street
New York, New York 10007*

January 29, 2021

**<u>VIA ECF</u>**
The Honorable Andrew L. Carter Jr.
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Rahul Manchanda v. Internal Revenue Service*, 20 Civ. 10745 (ALC)

Dear Judge Carter:

  This Office represents Defendants in the above-referenced action in which Plaintiff seeks injunctive relief and monetary damages for alleged violations of the Internal Revenue Code ("IRC") and the Federal Tort Claims Act ("FTCA"). We write respectfully in opposition to Plaintiff's letter, dated January 27, 2021, renewing his request for a pre-motion conference and leave to file a motion for contempt and sanctions against Defendants. ECF No. 21. As before, Plaintiff's proposed motion for sanctions is devoid of merit and therefore his request for a pre-motion conference and leave to file a motion should be denied for the reasons set forth in Defendants' opposition to Plaintiff's first letter request for a pre-motion conference. *See* ECF No. 19 (explaining that Plaintiff had failed to identify any wrongdoing by Defendants, much less any conduct that would justify granting leave for a sanctions motion).

  In his most recent letter, Plaintiff again fails to identify any failure to comply with the Court's Orders or wrongdoing. The only new information that Plaintiff presents is that the Internal Revenue Service ("IRS") sent him a letter, dated January 19, 2021 (the "January 19, 2021 Letter" or "Letter"), closing and returning his Form 656-L, Offer in Compromise (Doubt as to Liability). The January 19, 2021 Letter does not constitute IRS collection activity. Nor did sending the Letter violate any IRS rules or Court orders. Rather, based on the text of the Letter and discussions with the IRS, it is this Office's understanding that the IRS returned Plaintiff's most recent Offer in Compromise because the Offer suffered from three separate deficiencies:

(1) Plaintiff has a pending Offer in Compromise that covers the same tax periods as his most recent offer. The IRS's general practice is to return newly-filed offers whenever taxpayers have offers pending resolution. *See* Internal Revenue Manual 5.19.24.6.1.

(2) Plaintiff failed to provide amended Forms 1040 for the years for which he is disputing liability in his most recently-filed Offer in Compromise.

(3) Plaintiff submitted his offer using an obsolete Form 656-L.

It continues to be this Office's understanding that (1) Plaintiff's account has not been assigned to a third-party collector, and (2) the IRS has not undertaken any collection activities, directly or indirectly, after Plaintiff filed his most recent Offer in Compromise on August 22, 2019.[1]  Regardless, a motion for contempt/sanctions is not the appropriate way to proceed.

For these reasons, Defendants oppose Plaintiff's renewed request.

          Respectfully,

          AUDREY STRAUSS
          United States Attorney

By:    /s/ Jeffrey Oestericher
       JEFFREY OESTERICHER
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, NY 10007
       Tel: (212) 637-2695
       Jeffrey.Oestericher@usdoj.gov

cc: Plaintiff (via ECF and regular mail)

---

[1] During the January 21 conference regarding Plaintiff's motion for a preliminary injunction, and in Plaintiff's January 27, 2021 letter to the Court, Plaintiff referenced a March 5, 2020 letter from the IRS that he claims represents an improper collection effort.  It does not.  Instead, the letter, known as a Letter 86C, is sent to inform a taxpayer that the taxpayer's correspondence is being transferred to a different IRS office for resolution.