UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAHUL D. MANCHANDA,

                    Plaintiff,

        -v-

INTERNAL REVENUE SERVICE, UNITED
STATES GOVERNMENT,

                    Defendants.

20 Civ. 10745 (ALC)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2695
E-mail: jeffrey.oestericher@usdoj.gov

JEFFREY OESTERICHER
Assistant United States Attorney
– Of Counsel –

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

BACKGROUND ..................................................................................................3

I.    Factual Background ...............................................................................3

II.   Procedural Background........................................................................4

LEGAL FRAMEWORK .........................................................................................5

I.    Standard of Review on Motion to Dismiss ..........................................5

II.   Relevant Statutes...................................................................................7

     a.  26 U.S.C. § 7431 .........................................................................7

     b.  26 U.S.C. § 7433 .........................................................................7

     c.  Federal Tort Claims Act...............................................................8

ARGUMENT ......................................................................................................8

I.    Plaintiff's Section 7433 Claim Fails .....................................................8

     a.  Plaintiff Did Not Properly Exhaust His Administrative Remedies ..................8

     b.  Plaintiff Fails to Plead Sufficient Facts to State a Plausible Claim to Relief Under Section 7433 .........................................................11

II.   Plaintiff's Section 7431 Claim Fails .....................................................14

     a.  Section 7433 Is the Exclusive Remedy for Any Unauthorized Disclosure ....................................................................15

     b.  Plaintiff Fails Adequately to Allege Any Unauthorized Disclosure ...............17

III.   Plaintiff's FTCA Claim Is Barred by Sovereign Immunity and Fails to State a Claim..............................................................................18

     a.  Plaintiff's FTCA Claim Is Barred by 28 U.S.C. § 2680(c)...............................18

     b.  Plaintiff's FTCA Claim Is Barred for Failure to Properly Exhaust Administrative Remedies................................................................20

i

    c.   Plaintiff's FTCA Claim Is Barred by Sovereign Immunity Because He Fails to State a Claim Under New York State Law ...................................................22

CONCLUSION ...............................................................................................................25

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Aetna Cas. & Sur. Co. v. U.S.*,
    71 F.3d 475 (2d Cir. 1995) .................................................................................... 18, 19

*Al-Sharif v. Bradley*,
    No. CV 107-050, 2008 WL 410364 (S.D. Ga. Feb. 12, 2008) ................................... 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................... 6, 13, 18, 24

*Barone v. U.S.*,
    No. 12 Civ. 4103 (LAK), 2014 WL 4467780 (S.D.N.Y. Sept. 10, 2014) ................ 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................. 6

*Bosset v. U.S.*,
    No. 8:08-cv-365-T-23TBM, 2008 WL 2971504 (M.D. Fl. July 9, 2008) .............. 16

*Bovsun v. Sanperi*,
    461 N.E.2d 843 (1984) ............................................................................................ 22

*Cantor Fitzgerald, Inc. v. Lutnick*,
    313 F.3d 704 (2d Cir. 2002) ..................................................................................... 6

*Capozzoli v. W.J. Tracey, Jr.*,
    663 F.2d 654 (5th Cir.1981) ................................................................................... 18

*Carney v. Boston Market*,
    No. 18 Civ. 713 (LGS), 2018 WL 6698444 (S.D.N.Y. Dec. 20, 2018) .................. 23

*Celestine v. Mount Vernon Neighborhood Health Ctr.*,
    403 F.3d 76 (2d Cir. 2005) ................................................................................. 2, 20

*Chanko v. Am. Broad. Companies Inc.*,
    27 N.Y.3d 46 (N.Y. 2016) ...................................................................................... 24

*Colon v. Maddalone*,
    No. 95 Civ. 0008 (JGK), 1996 WL 556924 (S.D.N.Y. Oct. 1, 1996) ..................... 18

*Evans v. U.S.*,
  478 F. Supp. 2d 68 (D.D.C. 2007) ......................................................................... 16

*FDIC v. Meyer*,
  510 U.S. 471 (1994) ................................................................................................. 6

*First Nationwide Bank v. Gelt Funding Corp.*,
  27 F.3d 763 (2d Cir. 1994) ....................................................................................... 6

*Gonsalves v. U.S.*,
  782 F. Supp. 164 (D. Maine 1992) .......................................................................... 14

*Gray v. U.S.*,
  723 F.3d 795 (7th Cir. 2013) ................................................................................... 11

*Green v. Leibowitz*,
  500 N.Y.S.2d 146 (2d Dep't 1986) .......................................................................... 24

*Hassen v. Gov't of Virgin Islands*,
  861 F.3d 108 (3d Cir. 2017) ......................................................................... 10, 11, 16

*Henkell v. U.S.*,
  No. S-96-2228 (MLS) (GGH), 1998 WL 41565 (E.D. Cal. Jan. 9, 1998) ........................ 16, 18

*Howell v. N.Y. Post Co.*,
  81 N.Y.2d 115 (N.Y. 1993) ...................................................................................... 23

*Hughes v. IRS*,
  62 F. Supp. 2d 796 (E.D.N.Y. 1999) ........................................................................ 11

*Johnson v. Sawyer*,
  47 F.3d 716 (5th Cir. 1995) ..................................................................................... 19

*Johnson v. Sawyer*,
  980 F.2d 1490 (5th Cir. 1992) ................................................................................. 19

*Kennar v. Kelly*,
  10 Civ. 2105 (ABJ) (WVG), 2011 WL 2116997 (S.D. Cal. May 27, 2011), *aff'd*, 529 Fed.
  App'x 870 (9th Cir. 2013) ........................................................................................ 11

*Kennedy v. McKesson Co.*,
  58 N.Y.2d 500 (N.Y. 1983) ...................................................................................... 23

*Koerner v. U.S.*,
  471 F. Supp. 2d 125 (D.D.C. 2007) ......................................................................... 16

*Kosak v. U.S.*,
    465 U.S. 848 (1984) ............................................................................ 18

*Lane v. Pena*,
    518 U.S. 187 (1996) ............................................................................ 6

*Lassic v. U.S.*,
    No. 14 Civ. 9959 (KBF), 2015 WL 5472946 (S.D.N.Y. Sept. 16, 2015) ................... 8

*Link v. U.S.*,
    539 F. Supp. 2d 360 (D.D.C. 2008) ........................................................ 16

*MBE Cap. Partners LLC v. AVPOL Int'l LLC*,
    No. 17 Civ. 5992 (PGG), 2019 WL 568587 (S.D.N.Y. Feb. 11, 2019) ................... 21

*Makarova v. U.S.*,
    201 F.3d 110 (2d Cir. 2000) ........................................................ 5, 6, 8, 22

*Malik v. Meissner*,
    82 F.3d 560 (2d Cir. 1996) .................................................................... 5

*Mathirampuzha v. Potter*,
    548 F.3d 70 (2d Cir. 2008) .................................................................... 8

*McIntosh v. U.S.*,
    No. 15 Civ. 2442 (KMK), 2018 WL 1275119 (S.D.N.Y. Mar. 7, 2018) ................... 21

*Medcalf v. Walsh*,
    938 F. Supp. 2d 478 (S.D.N.Y. 2013) ...................................................... 25

*Morgan v. Ward*,
    No. 14 Civ. 7921 (GHW), 2016 WL 427913 (S.D.N.Y. Feb. 2, 2016) ................... 22

*Mortise v. U.S.*,
    102 F.3d 693 (2d Cir. 1996) .......................................................... 2, 22

*Owen v. Leventritt*,
    571 N.Y.S.2d 25 (1st Dep't 1991) .......................................................... 24

*Politte v. U.S.*,
    No. 07 Civ. 1950 (CAB), 2009 WL 3166924 (S.D. Cal. Aug. 6, 2009) ................... 12

*Retirement Care Assocs., Inc. v. U.S.*,
    3 F. Supp. 2d 1434 (N.D. Ga. 1998) ........................................................ 16

*Rivera v. U.S.*,
  928 F.2d 592 (2d Cir. 1991) ............................................................................. 1

*Robinson v. Overseas Military Sales Corp.*,
  21 F.3d 502 (2d Cir. 1994) ............................................................................... 5

*Saleh v. U.S.*,
  No. 12 Civ. 4598(KBF), 2013 WL 5439140 (S.D.N.Y. Sept. 27, 2013) ................................ 24

*Schipper v. U.S.*,
  No. CV-94-4049 (CPS), 1996 WL 651082 (E.D.N.Y. Oct. 31, 1996) ................................... 16

*Shwarz v. U.S.*,
  234 F.3d 428 (9th Cir. 2000) ..................................................................... 15, 16

*Syms v. Olin Corp.*,
  408 F.3d 95 (2d Cir. 2005) .............................................................................. 22

*Thomas v. City of New York*,
  No. 19 Civ. 11028 (CM), 2020 WL 353575 (S.D.N.Y. Jan. 17, 2020) ............................ 21-22

*U.S. v. Mitchell*,
  445 U.S. 535 (1980) ........................................................................................ 6

*U.S. v. Orleans*,
  425 U.S. 807 (1976) ........................................................................................ 8

*Valladares v. IRS*,
  No. CV-F-00-4041-AWI/SMS, 2001 WL 670629 (E.D. Ca. May 2, 2001) ........................... 16

*Venen v. U.S.*,
  38 F.3d 100 (3d Cir. 1994) ............................................................................... 16

*Washington v. U.S.*,
  No. CV 15-2360-DSF (AGR), 2016 WL 6995355 (C.D. Ca. March 31, 2016) ..................... 16

**Statutes**

26 U.S.C. § 6103 ................................................................................... 1, 4, 7, 17

26 U.S.C. § 6304(b) ..................................................................................... 13

26 U.S.C. § 6331(k)(1) ........................................................................... 12, 13, 14

26 U.S.C. § 7213 ............................................................................................ 5

26 U.S.C. § 7431 ................................................................................... passim

26 U.S.C. § 7433 .............................................................. passim

28 U.S.C. § 1346 .............................................. 1, 8, 18, 22

28 U.S.C. § 2401(b) ..................................................... 21

28 U.S.C. § 2675(a) ................................................. 20, 21

28 U.S.C. § 2680(c) ..................................................... passim

**Rules**

Federal Rule of Civil Procedure 12(b)(1) .............................. 1, 5

Federal Rule of Civil Procedure 12(b)(6) .............................. 1, 6

**Regulations**

26 C.F.R § 301.6103(k)(6)–1(b)(6) .................................. 17

26 C.F.R. § 301.7433-1 ........................................... passim

28 C.F.R. § 14.2 ......................................................... 9

Defendants the United States and the Internal Revenue Service ("IRS" or "Agency," and together with the United States, the "Government"),[1] by their attorney, Audrey Strauss, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to dismiss the March 17, 2021 Amended Complaint, ECF No. 28 ("Amended Complaint" or "Am. Compl."), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff Rahul Manchanda ("Plaintiff") brings this action seeking monetary damages for alleged violations of the Internal Revenue Code ("IRC" or "Code") and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq. ("FTCA"). Specifically, Plaintiff advances three causes of action. First, he alleges Defendants engaged in unauthorized and abusive collection practices, in violation of 26 U.S.C. § 7433. Am. Compl. ¶ 32. Second, Plaintiff advances a claim under the FTCA, alleging that the government negligently and intentionally caused him emotional distress by impermissibly disclosing certain unspecified information to third parties and generally engaging in unauthorized collection activity. *Id.* ¶¶ 43–44. Finally, Plaintiff alleges a claim under 26 U.S.C. § 7431, asserting that IRS employees impermissibly disclosed certain information to third parties in violation of 26 U.S.C. § 6103. *Id.* ¶ 48.

---

[1] In the original Complaint, Plaintiff named several individual defendants, including T. Fahman, Susan McNamara, Erica Farrell, and Jane Does 1-10. In the Amended Complaint, Plaintiff names only two institutional defendants, the IRS and the "United States Government," and no longer advances any claims against the individual defendants. Accordingly, the individual defendants are no longer parties to this action. The Court should also dismiss the IRS from this action, as the United States of America is the only proper institutional defendant with respect to the claims that Plaintiff seeks to assert. *See Rivera v. U.S.*, 928 F.2d 592, 609 (2d Cir. 1991) (The United States is the "only proper federal institutional defendant in [an FTCA] action."); 26 U.S.C. § 7431 (authorizing civil actions for damages "against the United States" in a district court of the United States); 26 U.S.C. § 7433 (same).

Each of Plaintiff's claims is legally deficient and should be dismissed. Plaintiff's unauthorized collection claim under section 7433 fails for two independent reasons. As a threshold matter, Plaintiff has failed to exhaust his administrative remedies, as required under section 7433(d)(1). In addition, Plaintiff fails to allege sufficient facts to state a plausible claim to relief. Plaintiff's unauthorized disclosure claim under section 7431 should also be dismissed. This claim is precluded by section 7433, the exclusive remedy for unauthorized disclosure claims arising out of collection activities. Plaintiff also fails to state a viable claim to relief. A claim under section 7431 is valid only where a plaintiff adequately alleges that (1) return information was disclosed, (2) the disclosure was made knowingly or negligently, and (3) the disclosure was not authorized by section 6103. Here, Plaintiff fails to specify the information that allegedly was improperly disclosed and advances nothing more than conclusory allegations that disclosures occurred.

Finally, the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim. Indeed, the FTCA specifically exempts tax collection activity from its waiver of sovereign immunity. 28 U.S.C. § 2680(c). In addition, Plaintiff has failed to properly exhaust his administrative remedies. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Furthermore, Plaintiff's Amended Complaint fails to state a claim for negligent and intentional infliction of emotional distress. Plaintiff has not alleged that he was at any time threatened with physical harm, which is a requirement to recover for negligent infliction of emotional distress ("NIED") under New York law. *See Mortise v. U.S.*, 102 F.3d 693, 696 (2d Cir. 1996). Similarly, Plaintiff's claim for intentional infliction of emotional distress ("IIED") fails because New York law requires a plaintiff to allege that defendants engaged in "extreme and outrageous conduct," with intent to inflict emotional distress, and that Plaintiff suffered severe emotional harm. Plaintiff does not adequately allege any of these elements.

For these reasons, the Court should dismiss the Amended Complaint.

## BACKGROUND

### I.     Factual Background

Plaintiff alleges that the global financial crisis of 2007-2008 caused him to suffer financial distress, exacerbated by Plaintiff's divorce from his then-spouse.  Am. Compl. ¶¶ 6-7, 9.  As a result, Plaintiff experienced difficulty paying his income taxes between 2008 and 2014.  *Id.* ¶¶ 6-7.  A series of bankruptcy filings ensued, during one of which, he alleges, the IRS in 2013 "took unauthorized collection action and reduced the Plaintiff's tax debts to Federal Tax Liens."  *Id.* ¶¶ 10-11.

Plaintiff avers that, although his financial situation began to improve starting in 2015, he has remained unable to pay his IRS debts in full.  *Id.* ¶ 13.  He "sought to resolve his tax liability with the United States Government . . . by way of settlements, which are technically referred to as 'Offers-in-Compromise.'"  *Id.*  "On or about September 5, 2018, Plaintiff filed Offers-in-Compromise with the IRS and with [the New York State Department of Taxation and Finance]." *Id.* ¶ 14.  He asserts that, despite various efforts, he was unable to receive confirmation from the IRS that the Agency had received his Offer-in-Compromise ("OIC"), *id.* ¶ 16, and he therefore refiled his OIC on September 5, 2019, *id.* ¶ 20.

Plaintiff alleges that he has been subjected to various collection activities by IRS employees.  According to Plaintiff, "[o]ver the weeks leading up to October 15, 2018, Plaintiff received a series of harassing calls to his home and office from IRS collection personnel and began receiving new collection notices (i.e., the CP504 Notice of Intent to Levy) threatening imminent collection activity, including liens and levies, if tax debts were not satisfied."  *Id.* ¶ 18.  Plaintiff also claims that "[o]ver the weeks leading up to September 13, 2019, Plaintiff received a series of harassing calls to his home and office from IRS collection personnel and began receiving notices

regarding imminent collection activity, including liens and levies, if tax debts were not satisfied."
*Id.* ¶ 21.  On September 13, 2019, he allegedly received a letter from the IRS informing him that
his OIC was received and was being processed.  *Id.* ¶ 22.  Plaintiff further alleges that, between
December 20, 2018 and . . . December 20, 2020, there have been a number of instances where IRS
agents have recklessly engaged in 'Abusive Tax Collection' by making collection calls to Plaintiff
at his home and place of business, harassing Plaintiff's staff by disclosing information about his
tax debts in an unauthorized manner, and undertaking other collection activity while a pending
Offer-in-Compromise was under consideration."  *Id.* ¶ 32.  Plaintiff further asserts that "IRS
personnel called and harassed Plaintiff's secretary and other office staff about his unpaid debt,
disclosing confidential tax information in violation of 26 U.S.C. § 6103."  *Id.* ¶ 44.  "Calls were
also placed to Plaintiff's bank, to some of his customers, and to legal colleagues.  On information
and belief, tax matters were also discussed with Plaintiff's wife Sylvia, who is not liable for or
granted Power-of-Attorney to discuss such matters with IRS personnel."  *Id.*

## II.     Procedural Background

Plaintiff filed two Standard Forms 95 relevant to this action.  The first is dated January 19,
2019.  Declaration of Mary-Ellan Krcha, date April 6, 2021 ("Krcha Decl.") ¶ 6.  Plaintiff initially
sent this Form SF-95 to the Civil Division of the Department of Justice ("DOJ").  *Id.*  The Form
SF-95 was received by the IRS on March 28, 2019, and was denied on May 31, 2019.  *Id.* ¶¶ 6-7.
The second is dated June 10, 2020.  *Id.* ¶ 8.  As before, Plaintiff initially sent this form to DOJ,
which in turn mailed it to the IRS.  *Id.*  The IRS received that claim on October 7, 2020.  *Id.*  The
IRS denied the claim on March 25, 2021.  *Id.* ¶ 9.

On December 20, 2020, Plaintiff filed his initial Complaint in this action against the IRS,
and various individual defendants, including T. Fahman, Erica Farrell, Susan McNamara, and Jane

Does 1-10. *See* ECF No. 1. His primary complaint appeared to concern the IRS' refusal to accept his offers in compromise of his federal tax liability, but he also advanced vague, conclusory allegations that Defendants refused to release tax liens, impermissibly disclosed certain unspecified information to unnamed third parties, inflicted emotional distress, and engaged in unauthorized collection activities. *See id.* He asserted claims under 26 U.S.C. §§ 7213, 7431, 7432, and 7433, as well as under the FTCA. *See id.*

On March 17, 2021, Plaintiff filed an Amended Complaint advancing many of the same allegations as in the original Complaint. *See* ECF No. 28. But unlike the original Complaint, the Amended Complaint names only the IRS and the "United States Government" as defendants, and asserts just three claims: for unauthorized collection actions under section 7433, negligent and intentional infliction of emotional distress under the FTCA, and unauthorized disclosures under section 7431. *See id.* ¶¶ 25-48.

<b>LEGAL FRAMEWORK</b>

**I.      Standard of Review on Motion to Dismiss**

On a motion to dismiss brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a plaintiff must carry the burden of establishing that the Court has subject matter jurisdiction to adjudicate his complaint. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) ("The burden of proving jurisdiction is on the party asserting it." (internal quotation marks omitted))). Dismissal for lack of subject matter jurisdiction is proper under Rule 12(b)(1) when the Court lacks statutory or constitutional power to adjudicate the complaint. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). When assessing a motion brought under Rule 12(b)(1), the Court may consider evidence outside of the pleadings. *Id.*; *Barone v. U.S.*, No. 12 Civ. 4103 (LAK), 2014 WL 4467780, at *4 (S.D.N.Y. Sept. 10, 2014).

"'The United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Makarova*, 201 F.3d at 113 (quoting *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980)). The doctrine of sovereign immunity "is jurisdictional in nature, . . . and therefore to prevail, the plaintiff bears the burden of establishing that [his] claims fall within an applicable waiver." *Id.* (citing *FDIC v. Meyer*, 510 U.S. 471 (1994)). Any waiver of immunity must be "unequivocally expressed in statutory text," and must be "strictly construed." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted).

On a Rule 12(b)(6) motion, the Court must accept all well-pleaded allegations contained in the complaint as true and draw all reasonable inferences in favor of Plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (citation and internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *see also Cantor Fitzgerald, Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failure to state a claim. *Id.* at 679.

## II.    Relevant Statutes

### a.    26 U.S.C. § 7431

Section 7431(a) provides in relevant part:

> If any officer or employee of the United States knowingly, or by
> reason of negligence, discloses any return or return information with
> respect to a taxpayer in violation of any provision of section 6103,
> such taxpayer may bring a civil action for damages against the
> United States in a district court of the United States.

*Id.* § 7431(a).  This provision operates as a limited waiver of sovereign immunity and permits a

taxpayer to bring a civil suit for damages for violation of the disclosure provisions set forth in

section 6103.  In order to state a viable claim under section 7431, the plaintiff must allege that:

(1) return information was disclosed, (2) the disclosure was made either knowingly or negligently,

and (3) the disclosure was not authorized by section 6103 of the Code.  *See* 26 U.S.C. §§ 6103(a),

7431(a)(1).

### b.    26 U.S.C. § 7433

Section 7433 provides, in relevant part:

> (a) If, in connection with any collection of Federal tax with respect
> to a taxpayer, any employee of the Internal Revenue Service
> recklessly or intentionally, or by reason of negligence, disregards
> any provision of this title, or any regulation promulgated under this
> title, such taxpayer may bring a civil action for damages against the
> United States in a district court of the United States.  Except as
> provided in section 7432, such civil action shall be the exclusive
> remedy for recovering damages resulting from such actions.
> . . .
> (e) If, in connection with any collection of Federal tax with respect
> to a taxpayer, any officer or employee of the Internal Revenue
> Service willfully violates any provision of section 362 (relating to
> automatic stay) . . . , such taxpayer may petition the bankruptcy
> court to recover damages against the United States.

A court may only issue a judgment for damages if it determines that the plaintiff has exhausted the

administrative remedies available to him.  *Id.* § 7433(d)(1).  A plaintiff must bring an action under

this section within 2 years after the date the right of action accrues.  *Id.* § 7433(d)(3).

### c.    Federal Tort Claims Act

The FTCA provides a limited waiver of sovereign immunity for certain suits arising from injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  Specifically, it makes "the [f]ederal [g]overnment liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment."  *U.S. v. Orleans*, 425 U.S. 807, 813 (1976); *Mathirampuzha v. Potter*, 548 F.3d 70, 80 (2d Cir. 2008).  "Under the FTCA, courts are bound to apply the law of the state . . . where the accident occurred."  *Makarova*, 201 F.3d at 114; *see also Lassic v. U.S.*, No. 14 Civ. 9959 (KBF), 2015 WL 5472946, at *4 (S.D.N.Y. Sept. 16, 2015) (A federal court "does not have jurisdiction over an FTCA action based on a legal claim that is unavailable in the state where the act occurred.") (citing 28 U.S.C. § 1346(b)(1)).

## ARGUMENT

### I.    Plaintiff's Section 7433 Claim Fails

### a.    Plaintiff Did Not Properly Exhaust His Administrative Remedies

Section 7433 specifies that a "judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  26 U.S.C. § 7433(d)(1).  The implementing regulation requires that the administrative claim be directed to the district or area director in the district in which the taxpayer resides or the district in which the notice of federal tax lien was filed.  *See* 26 C.F.R. § 301.7433-1(e).  Plaintiff has failed to do so here.

Plaintiff has not alleged that he exhausted any of his administrative remedies with respect to his claim under section 7433.  Instead, he alleges only that he filed two Forms SF-95, filed in support of his FTCA claim, not his section 7433 claim.  Plaintiff appears to suggest that his Forms

SF-95 sufficed to exhaust his section 7433 claim. Am. Comp. ¶¶ 19-24. That is incorrect.

To begin, the Form SF-95 itself is specifically prescribed by the Department of Justice, pursuant to 28 C.F.R. § 14.2, to allow individuals to present FTCA claims to federal agencies. *See* 28 C.F.R. § 14.2 (discussing the presentment requirements under the FTCA). A Form SF-95 is not used to exhaust section 7433 claims. Indeed, the Form SF-95 does not request information required to exhaust a section 7433 claim. *See* Declaration of Alex Lau, dated April 8, 2021 ("Lau Decl.") ¶ 4. Pursuant to 26 C.F.R. § 301.7433-1(e), an administrative claim under section 7433 must include, *inter alia*, the "taxpayer identification number of the taxpayer making the claim." *See id.* The Form SF-95 does not provide space for applicants to provide—and, in this case, Plaintiff did not provide—his "taxpayer identification number." *Id.* (emphasis added). Indeed, the FCTA expressly excludes from its waiver of sovereign immunity "any claim arising in respect of the assessment or collection of any tax," 28 U.S.C. § 2680(c), accordingly it is illogical for a Form SF-95 to suffice to exhaust a section 7433 damages claim regarding alleged misconduct "in connection with any collection of Federal tax," 26 U.S.C. § 7433. Therefore, the Forms SF-95 that Plaintiff allegedly filed to exhaust his administrative remedies under the FTCA do not suffice to exhaust his section 7433 claims. *See, e.g.*, *Al-Sharif v. Bradley*, No. CV 107-050, 2008 WL 410364, at *3 (S.D. Ga. Feb. 12, 2008) ("Plaintiff's allegation that he exhausted his administrative remedies under the FTCA is insufficient. In fact, . . . the FTCA expressly states that it does not apply to 'any claim arising in respect of the assessment or collection of any tax.'" (quoting 28 U.S.C. § 2680(c)).

Moreover, even if the Form SF-95 could be used to present a section 7433 claim, and even if Plaintiff had provided all of the requisite information, he still would have failed to exhaust his administrative remedies for two additional reasons. First, Plaintiff sent the Forms SF-95 to the

wrong agency. Section 301.7433-1(e) requires that an administrative claim for damages under section 7433 be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides. 26 C.F.R. § 301.7433-1(e)(1). Contrary to Plaintiff's allegation, he sent his Forms SF-95 to DOJ, not the Area Director pursuant to section 301.7433-1(e)(1). Second, Plaintiff's suit based on his initial SF-95 is time barred, and his suit based on his later-filed Form SF-95 is premature, in violation of 26 C.F.R. § 301.7433-1(d). Specifically, the initial Form SF-95 that Plaintiff filed alleges that his claim arises from incidents on October 15, 2018, and October 15, 2017. However, Plaintiff filed the pending action on December 20, 2020, more than two years after the events giving rise to his claim. Any claim relating to that earlier Form SF-95 is therefore time-barred. *See* 26 C.F.R. § 301.7433-1(g) ("A civil action under paragraph (a) of this section must be brought in federal district court within 2 years after the date the cause of action accrues.").

Although Plaintiff's later-filed Form SF-95 is dated June 10, 2020, Plaintiff filed it with DOJ, not the IRS. Krcha Decl. ¶ 6. The IRS received it only on October 7, 2020. *Id.* Because Plaintiff filed suit on December 20, 2020, fewer than six months after the claim was properly filed, the pending suit was filed prematurely. *See* 26 C.F.R. § 301.7433-1(d) (establishing that no action may be maintained in federal court before the earlier of the date the agency denies the claim or six months after the date an administrative claim is properly filed).

Plaintiff thus has not adequately alleged that he exhausted, and he in fact has not exhausted, his administrative remedies with respect to his section 7433 claim. *See* Lau Declaration ¶ 5; *Hassen v. Gov't of Virgin Islands*, 861 F.3d 108, 111 (3d Cir. 2017) (the exhaustion requirement in section 7433(d) is "mandatory").

## b. Plaintiff Fails to Plead Sufficient Facts to State a Plausible Claim to Relief Under Section 7433

Plaintiff's section 7433 claim should also be dismissed because he fails to allege sufficient facts to state a claim for relief. The elements of a section 7433 claim are: "(1) that an employee or officer of the [IRS]; (2) disregarded a provision of Title 26 or its regulations; (3) in a reckless, intentional, or negligent manner." *Hassen*, 861 F.3d at 115. Furthermore, the plaintiff must allege the specific statute or regulation violated in connection with the collection of their taxes. *Gray v. U.S.*, 723 F.3d 795, 802 (7th Cir. 2013). Indeed, "[i]n order to make out a claim under section 7433(a), a claimant must demonstrate that an employee of the IRS violated a specific section of the Internal Revenue Code or Treasury Regulations in collecting taxes from the claimant." *Kennar v. Kelly*, 10 Civ. 2105 (ABJ) (WVG), 2011 WL 2116997, at *7 (S.D. Cal. May 27, 2011), *aff'd*, 529 F. App'x 870 (9th Cir. 2013); *see also Hughes v. IRS*, 62 F. Supp. 2d 796, 800 (E.D.N.Y. 1999).

Plaintiff fails to identify any violation of a specific section of the Code or Treasury Regulations that might give rise to a section 7433 claim. To be sure, Plaintiff alleges various violations, but none amounts to a valid basis for a section 7433 claim. For example, Plaintiff asserts that the IRS violated the automatic stay under the Bankruptcy Code. *See* Am. Compl. ¶¶ 11-12. Yet a violation of the Bankruptcy Code does not give rise to a claim under section 7433. Instead, the taxpayer's exclusive remedy for such a violation is to petition the bankruptcy court for damages after exhausting administrative remedies. 26 U.S.C. § 7433(e) ("If, in connection with any collection of a Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) . . . or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court

to recover damages against the United States" and "such petition shall be the exclusive remedy for recovering damages resulting from such actions").

Plaintiff further alleges that the IRS violated 26 U.S.C. § 6331(k)(1) by sending him a CP504, Notice of Intent to Levy, and conducting other collection activities while he had a pending OIC in the Fall of 2018. Plaintiff does not specify the dates on which the IRS allegedly sent a CP504 or allegedly took other collection actions while he had a pending OIC. But even if the IRS had sent a CP504 or taken other collection actions against Plaintiff while he had an OIC pending, such activity would not violate section 6331(k)(1). Rather, section 6331(k)(1) provides that "[n]o levy may be made under [section 6331(a)] on the property or rights to property of any person with respect to any unpaid tax" during the period that the taxpayer has an OIC pending with the IRS or in the thirty-day period after the OIC is rejected by the IRS. 26 U.S.C. § 6331(k)(1). While section 6331(k)(1) prohibits the IRS from making a levy while an OIC is pending, it does not restrain the IRS from engaging in other collection activities. *See id.* Plaintiff does not allege that the IRS levied Plaintiff's property or rights to property. *See* Am. Compl. And issuance of a CP504 does not violate section 6331(k)(1); the IRS issues a CP504 to a taxpayer to provide notice of the IRS's intent to levy the taxpayer's property or rights to property, as required by section 6331(d). Accordingly, issuance of a notice of intent to levy does not constitute a levy under section 6331(k)(1), and therefore is not prohibited during the pendency of an OIC. *See, e.g.*, *Politte v. U.S.*, No. 07 Civ. 1950 (CAB), 2009 WL 3166924, at *5 (S.D. Cal. Aug. 6, 2009) ("A notice of intent to levy is not a collection action. Instead, it is a predicate to collection action." (internal quotation marks omitted)).

Plaintiff also alleges that Defendants violated section 6304(b) by engaging in "abusive tax collection" and further violated section 7602(c)[2] by failing to notify him that IRS agents were contacting "third parties." Am. Compl. ¶ 29. But he fails to allege sufficient facts to give rise to a plausible inference that Defendants violated either section. Section 6304(b) prohibits IRS agents from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." 26 U.S.C. § 6304(b). This includes, but is not limited to, the use of threats of violence, the use of obscene or profane language, making telephone calls "repeatedly or continuously with intent to annoy, abuse, or harass," and making telephone calls without disclosing the caller's identity. 26 U.S.C. § 6304(b)(1)–(4).

In his Amended Complaint, Plaintiff asserts in conclusory terms that he received harassing phone calls at home and at his office, Am. Compl. ¶¶ 18, 21, and that IRS agents "harassed [his] staff by disclosing information about his tax debts in an unauthorized manner," *id.* ¶ 32. Yet Plaintiff fails to explain why any of these alleged collection calls were "abusive." He also fails to allege their frequency, their content, or any other fact from which a court could plausibly infer harassment of the sort proscribed by section 6304. Instead, Plaintiff advances "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which, the Supreme Court has explained, fail to state a claim for relief. *See Iqbal*, 556 U.S. at 678. To be sure, he claims that the collection calls were made while there was a pending OIC. Am. Compl. ¶¶ 14, 20. But, as explained above, section 6331(k)(1) merely prohibits the IRS from levying a taxpayer's property while an OIC is pending; it does not prohibit the IRS from taking other collection actions such as making collection

---

[2] In Plaintiff's Amended Complaint, he cites § 7602(e)(1)–(2) in connection with his allegation that Defendants engaged in unauthorized contacts with third parties. *See* Am. Compl. ¶ 29. That citation appears to be a typographical error. The relevant section of the Code that requires notice of IRS contacts with some third parties is § 7602(c).

calls. The mere fact that the IRS made collection calls during the pendency of an OIC, even if true, would not serve as a valid basis for a section 7433(a) claim. *See* 26 U.S.C. §§ 6331(k)(1), 7433(a).

Plaintiff's allegations with respect to a violation of the notice provisions of section 7602 are similarly inadequate. Although Plaintiff asserts that Defendants called his secretary, office staff, bank, customers, legal colleagues, and wife, Am. Compl. ¶¶ 32, 44, he does not advance any factual allegations to substantiate these claims. Nor does he identify when these calls occurred, the identities of most of the recipients, or the content of the calls. Moreover, the implementing regulations specify that "current employee[s], officer[s], or fiduciar[ies] of a taxpayer when acting within the scope of his or her employment or relationship with the taxpayer" do not count as "persons other than the taxpayer" within the meaning of section 7602. *See* 26 C.F.R. § 301.7602-2(c)(2)(i)(C). "Such employee, officer, or fiduciary shall be conclusively presumed to be acting within the scope of his or her employment or relationship during business hours on business premises." *Id.* Therefore, even if IRS employees had failed to notify Plaintiff that they were contacting his secretary, employees, or any fiduciary, Plaintiff would still fail to state a plausible claim to relief under section 7433.

Accordingly, the Court should dismiss Plaintiff's section 7433 cause of action.[3]

## II.    Plaintiff's Section 7431 Claim Fails

Plaintiff's claim under section 7431 for unauthorized disclosure of tax return information similarly fails for two reasons. First, where, as here, an unauthorized disclosure claim arises from

---

[3] At various points in the Amended Complaint, Plaintiff alleges that the IRS violated various provisions of the Internal Revenue Manual ("IRM"), which sets forth the IRS's internal operating procedures. Those are not provisions of the Internal Revenue Code or the Treasury Regulations. Therefore, violations of IRM provisions are not, in themselves, actionable under section 7433. *See Gonsalves v. U.S.*, 782 F. Supp. 164, 170 (D. Maine 1992), *aff'd*, 975 F.2d 13 (1st Cir. 1992).

collection activities, section 7433 provides the exclusive remedy available to taxpayers. Second, Plaintiff does not adequately allege any unauthorized disclosures that would give rise to a valid claim.

### a. Section 7433 Is the Exclusive Remedy for Any Unauthorized Disclosure

Plaintiff's unauthorized disclosure claim relates to allegations that IRS employees made calls to third-parties as part of their collection efforts. *See* Am. Compl. ¶ 32 ("In the last two years, between December 20, 2018 and the filing of this action on December 20, 2020, there have been a number of instances where IRS agents have recklessly . . . ma[de] collection calls to Plaintiff at his home and place of business, harassing Plaintiff's staff by disclosing information about his tax debts in an unauthorized manner, and undertaking other collection activity . . . ."); *id.* ¶ 44 ("IRS personnel called and harassed Plaintiff's secretary and other office staff about his unpaid debt . . . . Calls were also placed to Plaintiff's bank, to some of his customers, and to legal colleagues."). He does not allege that any of these third-party contacts were made for any reason other than to collect on his tax debts.

Where, as here, a plaintiff alleges that unauthorized disclosures were made during collection efforts, section 7433 provides the exclusive remedy. Section 7433(a) expressly states that, "[e]xcept as provided in section 7432 [i.e., civil damages for failure to release lien]," a civil action brought under section 7433 "shall be the exclusive remedy for recovering damages resulting from" any actions taken "in connection with any collection of Federal tax" that is performed in "disregard" of any provision of the Internal Revenue Code or regulations. 26 U.S.C. § 7433(a). The legislative history confirms that section 7433 was intended to preclude claims under section 7431 where the alleged unauthorized disclosure occurred in connection with collection activities. *See* H.R. Conf. Rep. No. 100-1104, at 228-29. As the Ninth Circuit observed in *Shwarz v. U.S.*,

234 F.3d 428 (9th Cir. 2000), the version of section 7433 that was originally passed by the Senate did not contain an exclusivity provision. *Id.* at 433. The exclusivity provision was added later, and the agreement to add the provision makes clear that, except for section 7432 actions (not at issue here), all other actions for improper collection activity are precluded by section 7433. *See id.* (quoting H.R. Conf. Rep. No. 100-1104, at 228-29 ("[E]xcept as provided by new Code section 7432, an action brought under this provision shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax.")).

The vast majority of courts to have addressed this issue have concluded that section 7433 precludes any claim under 7431 when the claim arises from IRS collection efforts. *See, e.g., id.*; *Shwarz*, 234 F.3d at 433; *Venen v. U.S.*, 38 F.3d 100, 106 (3d Cir. 1994), *abrogated on other grounds by Hassen*, 861 F.3d at 114; *Washington v. U.S.*, No. CV 15-2360-DSF (AGR), 2016 WL 6995355, at *4 (C.D. Ca. March 31, 2016); *Link v. U.S.*, 539 F. Supp. 2d 360, 362 (D.D.C. 2008) (collecting cases); *Bosset v. U.S.*, No. 8:08-cv-365-T-23TBM, 2008 WL 2971504, at *1 (M.D. Fl. July 9, 2008); *Evans v. U.S.*, 478 F. Supp. 2d 68, 71 (D.D.C. 2007); *Koerner v. U.S.*, 471 F. Supp. 2d 125, 127 (D.D.C. 2007); *Valladares v. IRS*, No. CV-F-00-4041-AWI/SMS, 2001 WL 670629, at *5 (E.D. Ca. May 2, 2001); *Henkell v. U.S.*, No. S-96-2228 (MLS) (GGH), 1998 WL 41565, at *3 (E.D. Cal. Jan. 9, 1998); *Schipper v. U.S.*, No. CV-94-4049 (CPS), 1996 WL 651082, at *3 (E.D.N.Y. Oct. 31, 1996); *but see Retirement Care Assocs., Inc. v. U.S.*, 3 F. Supp. 2d 1434, 1442 (N.D. Ga. 1998).

Because section 7433 provides the exclusive remedy for actions taken in connection with tax collection efforts, and Plaintiff alleges that any unauthorized disclosures took place when IRS employees were seeking to collect tax debts, Plaintiff's section 7431 claim should be dismissed.

### b.    Plaintiff Fails Adequately to Allege Any Unauthorized Disclosures

Plaintiff's section 7431 claim should be dismissed for the additional reason that the Amended Complaint contains no well-pleaded factual allegations that would support a plausible inference that Defendants disclosed Plaintiff's tax information.  Plaintiff alleges that Defendants called his secretary and wife and disclosed tax information to them.  *See* Am. Compl. ¶ 44.  Plaintiff also alleges that Defendants called his bank, several unidentified customers, and unidentified "legal colleagues," although he does not specify whether Defendants disclosed tax information during these calls.  *Id.*  Yet all of his allegations are vague and conclusory and fail to identify any specific acts of unauthorized disclosure or describe the details of any of the alleged disclosures.

To state a claim under section 7431, Plaintiff must allege that (1) return information was disclosed, (2) the disclosure was made either knowingly or negligently, and (3) the disclosure was not authorized by section 6103.  *See* 26 U.S.C. §§ 6103(a), 7431(a)(1).  Here, Plaintiff offers nothing more than vague or conclusory allegations that disclosures occurred.  He does not specify when these disclosures occurred or whether any such disclosure pertained to "return information." Nor does he allege facts sufficient to infer that the disclosures were "wrongful" within the meaning of section 6103.[4]  Although the Amended Complaint asserts that these disclosures were made "negligently or recklessly," Am. Compl. ¶ 44, such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6)

---

[4] The implementing regulations explicitly authorize disclosure in order "to apply the provisions of the . . . Code relating to establishment of liens against such assets, or levy on, or seizure, or sale of, the assets to satisfy any [outstanding] liability."  26 C.F.R § 301.6103(k)(6)–1(b)(6).

motion.  *Iqbal*, 556 at 678; *see also, e.g.*, *Henkell*, 1998 WL 41565, at \*3 (vague allegation of improper disclosure failed to state a claim under section 7431).

### III.  Plaintiff's FTCA Claim Is Barred by Sovereign Immunity and Fails to State a Claim

#### a.  Plaintiff's FTCA Claim Is Barred by 28 U.S.C. § 2680(c)

Plaintiff's FTCA claim suffers from three jurisdictional deficiencies.  First, it is barred by the express terms of the tax collection exception in 28 U.S.C. § 2680(c).  The FTCA provides a limited waiver of sovereign immunity by permitting tort suits against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  The FTCA, however, specifically exempts from its waiver of sovereign immunity "[a]ny claim arising in respect of the assessment or collection of any tax."  28 U.S.C. § 2680(c); *see Aetna Cas. & Sur. Co. v. U.S.*, 71 F.3d 475, 477 (2d Cir. 1995).

Plaintiff's FTCA claims are based on conduct covered by section 2680(c).  This exception "cover[s] claims arising out of the operation of the government's mechanism for assessing and collecting taxes."  *Aetna*, 71 F.3d at 478.  The exception is to be read broadly.  *Id.* at 477-78 (exception to waiver of sovereign immunity in section 2680(c) should be interpreted broadly to bar claims which are related to, if not directly concerned with, the assessment or collection of tax liabilities); *accord Kosak v. U.S.*, 465 U.S. 848, 854 (1984) (broadly construing the "arising in respect of" language in section  2680(c)); *Capozzoli v. W.J. Tracey, Jr.,* 663 F.2d 654, 657 (5th Cir.1981) ("28 U.S.C. § 2680(c) reflect[s] the government's strong interest in protecting the administration of its tax system from the burden of constant litigation.  This interest would be completely frustrated if we were to read Section 2680(c) as providing an immunity for only certain narrowly defined activities of the IRS."); *Colon v. Maddalone*, No. 95 Civ. 0008 (JGK), 1996 WL 556924, at \*6-7 (S.D.N.Y. Oct. 1, 1996).

Here, Plaintiff argues that Defendants negligently and intentionally caused him to suffer emotional distress by engaging in what he characterizes as "abusive tax collection" efforts, which allegedly include calls to Plaintiff's "secretary and other office staff," his bank, "some of his customers," his wife, and some "legal colleagues." Am. Compl. ¶ 44. He further alleges that "IRS notices were sent to incorrect addresses." *Id.* According to Plaintiff's own allegations, these efforts concerned Plaintiff's "unpaid debt," and were made in connection with efforts to collect on those debts. *See id.*; *id.* ¶ 32 ("In the last two years, between December 20, 2018 and the filing of this action on December 20, 2020, there have been a number of instances where IRS agents have recklessly . . . ma[de] collection calls to Plaintiff at his home and place of business, harassing Plaintiff's staff by disclosing information about his tax debts in an unauthorized manner, and undertaking other collection activity . . . ."). Those efforts all involve "the operation of the government's mechanism for assessing and collecting taxes," *Aetna*, 71 F.3d at 477, and therefore fall within the scope of section 2680(c).

In the Amended Complaint, Plaintiff discusses at length *Johnson v. Sawyer*, 980 F.2d 1490 (5th Cir. 1992), which he contends establishes the proposition that some conduct is "'sufficiently removed from [an IRS] agent's official duties of assessing or collecting taxes as to be beyond the scope of Section 2680(c).'" Am. Compl. ¶ 42. However, *Johnson* is inapposite for at least three reasons. First, an en banc panel of the Fifth Circuit vacated the *Johnson* decision. *See Johnson v. Sawyer*, 47 F.3d 716, 737-38 (5th Cir. 1995). Second, the panel decision in *Johnson* is an out-of-Circuit decision that is inconsistent with the Second Circuit's broad reading of section 2680(c). Indeed, no court in this Circuit has adopted the rationale of *Johnson*, or any similar rationale. Third, the factual circumstances present in *Johnson* are entirely absent here and the conduct alleged by Plaintiff would not fall within the rationale of *Johnson*.

In *Johnson*, the taxpayer pleaded guilty to tax evasion in exchange for, among other things, a promise by the U.S Attorney's Office not to publicize his plea. *Id.* at 1493. Three business days later, the IRS issued a press release regarding Johnson's guilty plea that contained erroneous information; two days after that, the IRS issued a second press release correcting the information, over Johnson's counsel's "strenuous objections." *Id.* at 1493–94. As a result of this disclosure, Johnson lost his job. *Id.* at 1494. Critically, the IRS's conduct in *Johnson*, unlike here, was not aimed at tax collection; indeed, the responsible agents were a publication relations officer and several special agents whose jobs involved investigating criminal tax violations. *Id.* at 1504. Instead, in *Johnson*, the IRS's actions were meant to deter future attempts at tax evasion. *Id.* The *Johnson* court specified that section 2680(c) was not intended to cover "deterrent publicity." *Id.*

By contrast, the alleged conduct here involved entirely different activities that, according to Plaintiff's own allegations, were specifically aimed at collecting unpaid taxes. Contrary to Plaintiff's contention, such conduct is not "sufficiently removed from the agents official duties of assessing or collecting taxes," but rather falls squarely within the scope of section 2680(c).

Accordingly, Plaintiff's FTCA claim fails for lack of subject matter jurisdiction.

### b.  Plaintiff's FTCA Claim Is Barred for Failure to Properly Exhaust Administrative Remedies

Plaintiff's FTCA claim is infected with another jurisdictional defect: failure to properly exhaust his administrative remedies before filing suit. It is well-established that the FTCA imposes a jurisdictional requirement that plaintiffs exhaust their administrative remedies before seeking judicial relief. *See Celestine*, 403 F.3d at 82. To satisfy the administrative exhaustion requirement, Plaintiff must demonstrate that his claims have been "finally denied by the agency," either "in writing . . . sent by certified or registered mail" or by "failure . . . to make [a] final disposition . . . within six months after [the claim was] filed." 28 U.S.C. § 2675(a). Suit must be filed within six

months of the agency's denial of the administrative claim.  *See* 28 U.S.C. § 2401(b)  "The plaintiff bears the burden of pleading compliance with the FTCA's exhaustion requirement."  *McIntosh v. U.S.*, No. 15 Civ. 2442 (KMK), 2018 WL 1275119, at *6 (S.D.N.Y. Mar. 7, 2018).

Here, IRS records indicate that Plaintiff filed two administrative claims regarding his FTCA claim.  The first, dated January 19, 2019 ("2019 Claim"), was denied on May 31, 2019.  *See* Krcha Decl. ¶¶ 6-7.  Any suit arising from this claim therefore is time-barred, as it was required to be filed within six months of the denial.  *See* 28 U.S.C. § 2401(b).

Plaintiff filed the second administrative claim, dated June 10, 2020 ("2020 Claim"), with the wrong agency.  The IRS only received this claim on October 7, 2020.  *See* Krcha Decl. ¶ 8. The IRS rendered a final agency decision as to the 2020 Claim on March 25, 2021.  *See id.* ¶ 9. When Plaintiff filed suit on December 20, 2020, and when he filed his Amended Complaint on March 17, 2021, the agency had yet to issue a final decision regarding his administrative claim, and six months had not yet elapsed from the time the agency received Plaintiff's claim.  The suit therefore was filed prematurely with respect to the 2020 Claim, depriving this Court of subject matter jurisdiction.  *See* 28 U.S.C. § 2675(a) (requiring that, before a plaintiff files suit, he wait until "his claim shall have been finally denied by the agency in writing and sent by certified or registered mail").  Moreover, Plaintiff is not permitted to cure any failure to exhaust while this action is pending.  *See, e.g.*, *McNeil v. U.S.*, 508 U.S 106, 110-113 (1993); *MBE Cap. Partners LLC v. AVPOL Int'l LLC*, No. 17 Civ. 5992 (PGG), 2019 WL 568587, at *5 (S.D.N.Y. Feb. 11, 2019) ("[T]he fact that more than six months have passed since Plaintiff submitted its claim to the [agency] does not cure the jurisdictional defect.  The requirement that prematurely filed FTCA claims be dismissed holds even when . . . the FTCA claims would be ripe if re-filed at the date of the court's decision." (quotation marks omitted)); *see also Thomas v. City of New York*, No. 19

Civ. 11028 (CM), 2020 WL 353575, at *3 (S.D.N.Y. Jan. 17, 2020) (dismissing without prejudice FTCA claim where plaintiff had failed to exhaust administrative remedies); *Morgan v. Ward*, No. 14 Civ. 7921 (GHW), 2016 WL 427913, at *4 (S.D.N.Y. Feb. 2, 2016) (same).

Accordingly, Plaintiff's FTCA claim should be dismissed for failure to exhaust administrative remedies.

### c. Plaintiff's FTCA Claim Is Barred by Sovereign Immunity Because He Fails to State a Claim Under New York State Law

Finally, the FTCA's waiver of sovereign immunity limits the United States' liability to "circumstances where . . . a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In other words, "[t]he statute looks to state substantive law to determine whether the plaintiff has a valid cause of action." *Syms v. Olin Corp.*, 408 F.3d 95, 107 (2d Cir. 2005); *see also Makarova*, 201 F.3d at 114 ("Under the FTCA, courts are bound to apply the law of the state . . . where the accident occurred."). Here, Plaintiff claims that Defendants' collection activities constituted both negligent and intentional infliction of emotional distress, yet he fails to state a claim for either tort under New York state law. Specifically, Plaintiff's Amended Complaint fails to state a claim for negligent infliction of emotional harm because he alleges no facts indicating that he suffered or was threatened with physical injury. Under New York law, a plaintiff may establish a claim for negligent infliction of emotional distress in one of two ways. First, a plaintiff may recover under a "bystander theory" if the plaintiff was "(1) . . . threatened with physical harm as a result of defendant's negligence; and (2) consequently . . . suffers emotional injury from witnessing the death or serious bodily injury of a member of [their] immediate family." *Mortise*, 102 F.3d at 696 (citing *Bovsun v. Sanperi*, 461 N.E.2d 843 (1984)). Alternatively, a plaintiff may recover under a "direct duty" theory if the plaintiff "suffers an emotional injury from defendant's breach of a duty

22

which unreasonably endangered [the plaintiff's] physical safety." *Id.* (citing *Kennedy v. McKesson Co.*, 58 N.Y.2d 500 (N.Y. 1983)). The unreasonable endangerment element "involves an objective inquiry turning on whether a plaintiff's physical safety actually was endangered, not a subjective evaluation dependent on the plaintiff's state of mind." *Carney v. Boston Market*, No. 18 Civ. 713 (LGS), 2018 WL 6698444, at *3 (S.D.N.Y. Dec. 20, 2018) (quotation marks omitted). Under either theory, the plaintiff must establish that he suffered or reasonably believed that he would suffer physical injury as a proximate result of the tortious conduct.

Here, Plaintiff makes no such allegation. As a result, he fails to state a claim for negligent infliction of emotional distress.

Plaintiff also fails to state a claim for intentional infliction of emotional distress because he alleges no facts indicating that the alleged collection activities amounted to "extreme and outrageous conduct," that IRS employees acted with the requisite intent, or that he suffered severe emotional harm. Under New York law, intentional infliction of emotional distress has four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial possibility of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (N.Y. 1993). To satisfy the first prong, a defendant's conduct "[must have] been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id.* at 122.

Although Plaintiff characterizes the IRS employees' conduct as "extreme and outrageous," Am. Compl. ¶ 45, he alleges no facts from which this Court could draw a reasonable inference that Defendants' conduct was sufficiently outrageous to give rise to a valid IIED claim. Instead, Plaintiff advances mere "[t]hreadbare recitals of a cause of action's elements, supported by mere

conclusory statements," which are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. As another court in this District has explained, the extreme and outrageous standard is "exacting." *Saleh v. U.S.*, No. 12 Civ. 4598 (KBF), 2013 WL 5439140, at *11 (S.D.N.Y. Sept. 27, 2013). "'Mere threats, annoyance or other petty oppressions, no matter how upsetting, are insufficient to constitute the tort of intentional infliction of emotional distress.'" *Id.* at *12 (quoting *Owen v. Leventritt*, 571 N.Y.S.2d 25, 25-26 (1st Dep't 1991)). Tellingly, the New York Court of Appeals has observed that the requirements to establish "extreme and outrageous conduct" are "rigorous, and difficult to satisfy . . . [and] that, of the [IIED] claims considered by this Court, *every one* has failed because the alleged conduct was not sufficiently outrageous." *Chanko v. Am. Broad. Companies Inc.*, 27 N.Y.3d 46, 56-57 (N.Y. 2016) (emphasis in original). Here, Plaintiff does not allege any acts that are sufficiently "extreme and outrageous" to give rise to an IIED claim.

Nor does Plaintiff allege that IRS employees intended to cause, or disregarded a substantial possibility of causing, severe emotional distress. Indeed, the sole allegation that he makes with respect to the IRS employees' motivation is the following: "whether negligently or recklessly, IRS personnel called and harassed" various third-parties. Am. Compl. ¶ 44. Nowhere does he allege that IRS employees attempted to cause severe emotional distress. An allegation that Defendants may have "negligently or recklessly" caused distress is not enough to establish the intent prong of an IIED claim under New York law. *See Green v. Leibowitz*, 500 N.Y.S.2d 146, 148 (2d Dep't 1986) ("gravamen of a cause of action for [IIED] is that the conduct complained of is especially calculated to cause, and does cause, mental distress of a very serious kind" (internal quotation marks omitted)).

Moreover, even if Plaintiff had sufficiently alleged outrageous conduct and that Defendants acted with the requisite intent, his claim should still be dismissed because he fails to allege that he in fact suffered severe emotional distress.  To state a valid IIED claim, a plaintiff must allege sufficiently severe emotional distress, which has been characterized as "so severe that no reasonable [person] could be expected to endure it."  *Medcalf v. Walsh*, 938 F. Supp. 2d 478, 490 (S.D.N.Y. 2013).  Here, Plaintiff claims that the calls he received were "very alarming," Am. Compl. ¶¶ 18, 21, and caused "embarrassment and humiliation," *id.* ¶ 18.  That does not suffice to state a claim.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Amended Complaint in its entirety.

Dated: April 14, 2021
       New York, New York

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By:    /s/ Jeffrey Oestericher
JEFFREY OESTERICHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2695
E-mail: jeffrey.oestericher@usdoj.gov