USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __March 28, 2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
Rahul Manchanda,

                                         Plaintiff,

            -against-                              1:20-CV-10745-ALC

Internal Revenue Service, et al.,                **ORDER GRANTING MOTION TO DISMISS**

                                    Defendants.
-------------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      This civil action raises the question whether, pursuant to the Internal Revenue Code ("IRC"), the United States has consented to be sued by a plaintiff. It has not. Plaintiff Rahul Manchanda ("Taxpayer," "Plaintiff," or "Manchanda") asserts claims for damages against the United States ("United States" or "the Government" or "Defendant"), specifically the Internal Revenue Service ("IRS"), for engaging in allegedly unlawful tax collection activity. His claims arise under 28 U.S.C. § 7433 (Count I), the Federal Tort Claims Act ("FTCA") (Count II), and 26 U.S.C. § 7431 (Count III). For the reasons discussed below, the action must be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The motion to dismiss is **GRANTED.**

**BACKGROUND FACTS**[1]

      Plaintiff Rahul Manchanda is a lawyer specializing in immigration law with a business office in New York. After the Great Recession of 2008, Manchanda struggled to pay income taxes owed to the IRS from approximately 2008 through 2014. His financial problems led to

---

[1] The facts are taken from the First Amended Complaint filed on March 19, 2021. *See* ECF No. 29. At the motion to dismiss stage, courts accept as true all well-pleaded allegations in the complaint and draws all reasonable inferences in plaintiff's favor. *See N.Y. Pet Welfare Ass'n v. City of New York*, 850 F.3d 79, 86 (2d Cir. 2017).

1

contested divorce and child custody battles in family court. Eventually, he filed for Chapter 7 Bankruptcy, and alleges that his tax debts were discharged on January 13, 2014. Nevertheless, his debts appear to remain of record. During the pendency of his bankruptcy proceedings from September 2014 to January 2014, he avers that the IRS took "unauthorized collection action and reduced [his] tax debts to Federal Tax Liens" while an automatic stay was in place. FAC ¶ 11. For instance, on August 22, 2013, a Notice of Tax Lien was filed with the New York County Register's Office. The liens were placed for the collection of tax debts pre-dating 2010 and 2011.

Though Manchanda's financial problems improved from around 2015 to 2018, he still suffers financial hardship and remains unable to pay off his IRS debts in full. He attempted to enter Offers-in-Compromise ("OICs") to settle his debts, including penalties and accrued interest, with the IRS and the New York State Department of Taxation and Finance ("NYSDTF") on or about September 5, 2018. He alleges that he and his accountant, Marc Albaum, made numerous and consistent efforts to confirm the receipt of the OIC with the IRS but never heard back from them.

In the weeks leading up to and including October 15, 2018, Plaintiff received "a series of harassing calls to his home and office from IRS collection personnel and began receiving new collection notices . . . threatening imminent collection activity, including liens and levies, if tax debts were not satisfied." Compl. ¶ 18. But at the time Manchanda believed he had a pending OIC, which required the IRS to halt collection activity, so "[t]his was very alarming" to him. Compl. ¶ 18.

On January 19, 2019, he filed a Standard Form 95 – Claim for Damage against the United States for Unauthorized and Abusive Tax Collection – regarding the collection activities that the IRS had engaged in on or around October 15, 2018 ("First Administrative Claim"). Manchanda

Aff., Ex. C. He states that his First Administrative Claim was sent to the Area Director and the U.S. Department of the Treasurer Civil Rights Division, U.S. Treasury Inspector General for Tax Administration. After no response from the IRS, he re-filed an OIC with the IRS on September 5, 2019. He alleges that he received more harassing calls and notices leading up to September 13, 2019.

On September 13, 2019, he received a letter from the Holtsville, New York Centralized OIC Processing Center informing him that his OIC was received, being processed, and that he would be contacted by January 11, 2020. He asserts, however, that he did not hear from the IRS for another eight months.

On June 10, 2020, Manchanda filed another Standard Form 95 in connection with the allegedly abusive collection actions he experienced leading up to and including September 13, 2019. Manchanda Aff., Ex. D. He states that his Second Administrative Claim was sent to the Area Director and the U.S. Department of the Treasurer Civil Rights Division, U.S. Treasury Inspector General for Tax Administration.

Plaintiff commenced this action on December 20, 2020 against the IRS, T Fahman, Erica Farrell, Susan McNamara, and Current and Former Employees of IRS Jane Does 1-10. ECF No. 1. On March 17, 2021, Manchanda filed the First Amended Complaint ("FAC"), adding the United States as a defendant. ECF No. 29. Defendant moved to dismiss on April 14, 2021. ECF No. 30-33. Plaintiff opposed on May 5, 2021. ECF No. 34. On May 19, 2021, Defendant replied. ECF No. 35.

## STANDARD OF REVIEW

**A. Rule 12(b)(1)**

When considering a motion to dismiss for lack of subject matter jurisdiction under Fed R. Civ. P. 12(b)(1), "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citing *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)). Where jurisdictional facts are at issue, "'the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Id.* (citing *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)). But "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Id.* (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

**B. Rule 12(b)(6)**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

4

**A. Sovereign Immunity Bars the Claims for Emotional Distress Asserted under the FTCA**

The Government argues that the claims for IIED and NEID are statutorily barred as there is no waiver of sovereign immunity. More specifically, it contends that any FTCA claim in this case "aris[es] in respect of the assessment or collection of any tax" and thus may not proceed. Manchanda responds that the allegedly abusive tactics he faced fall outside § 2680(c) because they have no nexus to "the assessment or collection of any tax." Because controlling authority in this Circuit has generally interpreted this statutory language quite broadly, this argument is without merit. This Court must dismiss both the IIED and NEID claims raised under the FTCA because they undoubtedly arise out of the "the assessment or collection of any tax."

"An action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("The United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.").

The FTCA authorizes a waiver of sovereign immunity for damages suits sounding in tort against federal officers and employees. *See* 28 U.S.C. § 1346(b)(1). The FTCA's sovereign immunity waiver does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). This provision is construed broadly. *See Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 477-78 (2d Cir. 1995) (collecting cases) (emphasis in original), *cert. denied*, 471 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986). "[T]he § 2680(c)

5

exception . . . cover[s] claims arising out of the operation of the government's mechanism for assessing and collecting taxes." *Id.* at 478 (barring claim for tortious conversion of a tax refund). Indeed, the § 2680(c) exemption "applies to *all* tax-related claims." *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 307 (5th Cir. 1985), *cert. denied*, 475 U.S. 1081, 106 S. Ct. 1458, 89 L. Ed. 2d 716 (1986).

The § 2680(c) exemption bars the asserted FTCA claims because they are not only tax-related, but are specifically related to tax collection. The gravamen of the complaint is that the IRS engaged in abusive tax collection activities stemming from Plaintiff's inability to repay outstanding tax debts.[2] For instance, he specifically asserts that they called and harassed his wife, staff, bank, customers, and legal colleagues "about his unpaid debt." FAC ¶¶ 44. These activities arise out of the collection of tax. Moreover, the IRS would have no need to contact Manchanda or those around him absent the desire to collect unpaid taxes. In other words, the alleged misconduct "aris[es] out of the operation of the government's mechanism for . . . collecting taxes." *Aetna Cas.*, 71 F.3d at 478. Here, even if allegedly abusive, the conduct at issue plainly involves the "assessment or collection of any tax."

Accordingly, both the IIED and NEID claims asserted under the FTCA are dismissed because the Government has not waived sovereign immunity. *Michaelesco v. United States*, 410 B.R. 129, 132 (D. Conn. 2009), *aff'd*, 383 Fed.Appx. 42 (2d Cir. 2010) (summary order) (dismissing emotional distress claims as barred by the FTCA).

### B. The Section 7433 Claim Has Not Been Exhausted

---

[2] Plaintiff clearly understands this to be so. Indeed, the preliminary statement of his opposition motion opens by stating: "This is a case of abuse of power. The Internal Revenue Service ("IRS") is bound by the Internal Revenue Code ("IRC") and the Taxpayer Bill of Rights to protect taxpayers from government overreach in the form of abusive collection practices." Pl.'s Opp. at 1 (ECF No. 34 at 6).

Defendant contends that the unauthorized collection claim should be dismissed for two main reasons: (1) failure to adequately plead exhaustion, and (2) failure to state a claim. The Court concludes that Plaintiff failed to plead that he exhausted administrative remedies before bringing a claim for unauthorized collection activity to federal court.

Pursuant to 26 U.S.C. § 7433(a), an aggrieved taxpayer may bring a suit for damages against the United States where "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." *Id.* "[S]uch civil action shall be the exclusive remedy for recovering damages resulting from such actions." *Id.*[3] Before filing suit, the plaintiff must exhaust available administrative remedies with the IRS. 26 U.S.C. § 7433(d)(1).

Under 26 U.S.C. § 7433(e)(1): "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) . . . or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States." "[S]uch petition shall be the exclusive remedy for recovering damages resulting from such actions." Section 7433(e)(2)(A).

To initiate the administrative process for claims of unauthorized collection activity, an aggrieved taxpayer is required to submit an administrative claim. *See* Treas. Reg. § 301.7433-1. The administrative claim "shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." Treas. Reg. § 301.7433-1(e)(1). The form "shall" include: "(i) [t]he name, current address, current home and

---

[3] There is an exception for § 7432, which is not applicable here.

work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim; (ii) [t]he grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service); (iii) [a] description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence); (iv) [t]he dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and (v) [t]he signature of the taxpayer or duly authorized representative." Treas. Reg. § 301.7433-1(e)(2).

Plaintiff merely alleges that he filed two Standard Forms 95 on January 19, 2019 and June 10, 2020. Neither of the Forms 95 comply with paragraph (e) (neither does Plaintiff plead that they do), which is fatal to any § 7433 claim he seeks to assert in this suit. Manchanda does not allege that he submitted an administrative claim that included his taxpayer identification number, the grounds for the § 7433 claim in reasonable detail and any substantiating documentation,[4] and no description of the injuries incurred or any substantiating documentation.[5] The FAC lacks plausible allegations that Plaintiff filed any written requests or formal protests that would put the IRS on notice that he intended to bring an administrative claim under § 7433(a) or § 7433(e). His opposition brief incorrectly focuses on the timing of filing of the supposed administrative claims. But he completely ignores the statutorily required manner and

---

[4] His administrative claim, and the accompanying documentation, specifically discuss FTCA claims—not § 7433. In the context of filing administrative claims under § 7433, paragraph (e) requirements are particularly apt because an action may be brought for "disregard[ing] any provision." 7433(a). However, Manchanda failed to provide any administrative claim seeking relief under § 7433 to the IRS, let alone one that specified the allegedly disregarded provisions that would form the basis of such a claim.

[5] The Court has even more doubt that the two Forms 95 assert § 7433 claims because the stated dollar amount of the claim is $100,000,000. Section 7433(a) and (e) claims have a statutory cap of $1,000,000.

form in which section 7433 administrative claims are to be filed. Manchanda failed to exhaust administrative remedies. Because the United States has not consented to be sued under such circumstances, his section 7433 claim is dismissed.

### C. The Section 7431 Claim Is Barred Because It Arises Out of Tax Collection Activity

"[W]ithin 2 years after the date of discovery by the plaintiff of the unauthorized . . . disclosure," that plaintiff may bring a suit in damages "[i]f any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103." 26 U.S.C. 7431. Under 26 U.S.C. § 6103, "no officer or employee of the United States . . . . shall disclose any return or return information obtained . . . in any manner in connection with his service or otherwise." 26 U.S.C. § 6103(a).

The Parties do not dispute that section 7433(a) furnishes an exclusive remedy for section 7431 claims for unauthorized disclosure when they arise out of tax collection activity. But Plaintiff advances an argument that section 7433's exclusivity provision does not apply "in other contexts where the disclosures are not in connection with 'collection' of taxes." Pl.'s Opp. at 18 (ECF No. 34 at 23). That may very well be accurate, but the Court takes no position on that and need not reach the question because, as explained *supra*, Plaintiff avers in the FAC on numerous occasions that the allegedly unauthorized disclosures are inextricably linked to tax collection. As Defendant correctly points out, Manchanda has failed to assert any basis for the unauthorized disclosure claim beyond tax collection. Def.'s Reply at 7 (ECF No. 35 at 8).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court need not reach Defendant's other arguments and grounds for dismissal. Defendant's motion to dismiss is **GRANTED**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 30 and close this case.

**SO ORDERED.**

**Dated**: March 28, 2022

New York, New York

        **The Hon. Andrew L. Carter, Jr.**

        **United States District Judge**